### In re BRULE.

(District Court, D. Nevada. December 28, 1895.)

CONTEMPT—POWER TO PUNISH—REV. ST. § 725.

Bribing a person, who is known to be a material witness in a pending cause, to hide himself and remain away from the court, thereby preventing his testifying in such cause, is a contempt of court, whether such person has been subpœnaed or not, and though punishable by indictment, under Rev. St. § 5399, is also punishable under Rev. St. § 725, as a contempt committed by misbehavior "so near" to the court "as to obstruct

the administration of justice," though the act is done at the residence of the witness, at some distance from the courthouse, in the town where the court sits.

D. N. Brule was brought before the court upon a rule to show cause why he should not be punished for contempt. The rule to show cause was issued upon an affidavit, duly filed, charging that Brule, on the 10th and 11th days of November, 1895, while the cause of The United States v. James Heney was pending under indictment, and set for trial November 11th, knowing that one Joseph Langevin was a material and important witness for the United States in the Heney case, and that he would be subpœnaed by the government, did induce, persuade, and procure the said Joseph Langevin to avoid the service of any subpœna upon him, and to conceal and hide himself, and to that end paid to Langevin the sum of $400, and by that means did induce and procure Langevin to hide and conceal himself and to absent himself from the court, and did prevent the United States from using him as a witness upon the trial of the Heney case. The materiality of the testimony of Langevin is fully set forth, as well as the knowledge of the facts by Brule. Brule appeared, and filed an answer denying all the averments in the affidavit. The jurisdiction of the court was questioned upon the grounds that appear in the opinion. All objections to the jurisdiction were overruled. Testimony was taken. The charges were sustained. Brule was adjudged guilty of contempt, and sentenced to three months in the county jail.

Section 725 of the Revised Statutes reads as follows:

"The said courts shall have power to impose and administer all necessary oaths, and to punish, by fine or imprisonment, at the discretion of the court, contempts of their authority: provided, that such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person, to any lawful writ, process, order, rule, decree, or command of the said courts."

Section 5399, Rev. St., reads as follows:

"Every person who corruptly, or by threats or force, endeavors to influence, intimidate, or impede any witness, or officer in any court of the United States, in the discharge of his duty, or corruptly, or by threats or force, obstructs or impedes, or endeavors to obstruct or impede, the due administration of justice therein, shall be punished by a fine of not more than five hundred dollars, or by imprisonment not more than three months, or both."

M. A. Murphy, for Brule.
Robert M. Clarke, for the United States.

HAWLEY, District Judge (orally, after stating the facts as above). Several objections are urged to the jurisdiction of the court:

1. It is contended that preventing the attendance of a person not subpœnaed as a witness is not a contempt of court. This construction of the statute is too strained and technical to be sustained. The statute applies to all cases where a person who it is known will

be a witness at the trial is solicited and bribed to hide, or to absent himself from the place of trial, or to secrete himself so that he cannot be subpœnaed, and any person so persuading, inducing, and bribing him is guilty of contempt and a violation of the law, whether or not the witness has been subpœnaed or recognized at the trial. That such acts constitute a crime punishable by indictment is well settled. Montgomery v. Circuit Judge. 100 Mich. 437, 441, 59 N. W. 148; State v. Tisdale, 41 La. Ann. 338, 6 South. 579; State v. Horner (Del.) 26 Atl. 73. In Montgomery v. Circuit Judge the court held that the contention that the attempt to prevent the attendance of one not yet subpœnaed as a witness is not a contempt of court, under How. Ann. St. § 7257, subd. 4 (which provides for the punishment of any person guilty of unlawfully detaining any witness to a suit while going to, remaining at, or returning from the court where such suit shall be noticed for trial), is untenable. In State v. Tisdale the court, reviewing the statutes of Louisiana, said—

"That the legislature intended that any person tampering with, bribing, or intimidating a known witness, whether summoned as such at the time, or not, should be punished, but that such witness, who should yield to such bribery or persuasion, could not be punished therefor unless he was at the time a duly summoned witness. This distinction is certainly a proper one, because there can be no difference to the person tendering the bribe, or resorting to the intimidation, whether the person prevented from testifying was summoned or not, as in either event the evidence is gotten rid of, while, on the other hand, the person bribed or persuaded, being duly summoned as a witness, occupies altogether a different position from the one he occupied before he was summoned."

Applying this reason to the facts of this case, it certainly does not require any argument to show that the conduct of Brule was just as reprehensible as though Langevin had been regularly subpœnaed as a witness to attend at the trial of the case of The United States v. Heney. As was said in State v. Tisdale, "the effect of intimidation in either case is just the same, and the motive which superinduced it likewise the same."

In State v. Horner the court, with reference to this question, said the object of the existence of courts—

"Is the ascertainment of truth in its relations to the transactions of men, and they can only do so fairly and impartially when all persons having knowledge of the transactions inquired of are brought or allowed to come before them for examination, without let or hindrance from any one. If interested witnesses are to be kept away by intimidation, persuasion, or bribery, then our courts cannot perform their high functions, and the powers intrusted to them by the people will fall from their nerveless grasp. They will no longer preserve either their own self-respect, or the respect of the community."

See, also, State v. Keyes, 8 Vt. 66; 2 Whart. Cr. Law, § 2287.

2. It is next claimed that the respondent cannot be found guilty of contempt because, if the facts stated in the affidavit are true, they constitute a crime punishable by indictment, under section 5399, Rev. St. U. S. This claim was made in Savin's Case, 131 U. S. 267, 275, 9 Sup. Ct. 699, and the court, in replying thereto, said:

"It is contended that the substance of the charge against the appellant is that he endeavored, by forbidden means, to influence or impede a witness in the district court from testifying in a cause pending therein, and to obstruct

or impede the due administration of justice, which offense is embraced by section 5399, and, it is argued, is punishable only by indictment. Undoubtedly, the offense charged is embraced by that section, and is punishable by indictment. But the statute does not make that mode exclusive, if the offense be committed under such circumstances as to bring it within the power of the court under section 725,—when, for instance, the offender is guilty of misbehavior in its presence, or misbehavior so near thereto as to obstruct the administration of justice."

It is perhaps true that cases might arise where it would be advisable to proceed criminally, by indictment, instead of by contempt. Especially would this be so if, in the ordinary exercise of the criminal jurisdiction of the court, it can just as well be done. Sharon v. Hill, 24 Fed. 726, 733. If the grand jury was in session, or a trial jury in attendance, the court would naturally prefer that such course be taken. But, independently of such facts, there are special reasons existing in this case why the court should act, if the misbehavior complained of comes within the jurisdiction of the court. In Sharon v. Hill the court was not asked to proceed by the process of contempt, and there was no special need of any immediate action, and no special end, in the administration of justice, to be attained by a proceeding for contempt; and these were the reasons assigned by Judge Sawyer, why, in that case, it was "deemed better to adopt the more deliberate mode of procedure applicable to the enforcement of the criminal laws of the country." No such reasons apply to the present case. Here the exigencies of the occasion require a more summary and prompt remedy. All the facts bring it within the line of cases where, to quote the language of the court in Sharon v. Hill, "it is necessary to promptly vindicate the court by means of the more summary process for contempt."

3. It is argued that, if a contempt was committed by Brule, it was only a constructive contempt in a criminal proceeding at law, and that Brule, having fully answered and denied the charges made in the affidavit, should be discharged from custody, upon the principles announced in Burke v. State, 47 Ind. 531, and Haskett v. State, 51 Ind. 176; that the only remedy in such cases is, if the court believes the respondent has perjured himself, to bind him over before the next grand jury, to answer for the crime of perjury. Numerous authorities were cited upon this point, but the views entertained by the court render it unnecessary to review them, or to discuss the question argued by counsel as to the distinction between contempts committed in equity suits, or actions at law in civil or criminal proceedings. A reference to one case cited by counsel is, however, deemed proper, as some of the questions involved in this argument are there elaborately discussed. In U. S. v. Anon., 21 Fed. 761, 768, Judge Hammond, after discussing the difference in the mode of procedure in law and equity cases, said:

"I do not find it necessary to go into the distinctions between direct and constructive contempts, which are so unsatisfactory to all who study this subject. There is always a struggle to relegate every contempt to the odious category of constructive contempts, in order to take shelter under these restrictive statutes. But I may say that in my judgment the courts will find that the legislature has not taken away any valuable power, when these statutes are properly understood. Notwithstanding the seemingly formidable ar-

ray of authority, it may be that after all it is a mistake to say that all contempts not committed in the presence of the court are constructive only. The mere place of the occurrence may not be an absolute test of that question, and it may depend on the character of the particular conduct in other respects besides the place where it happens. * * * Wherever the conduct complained of ceases to be general in its effect, and invades the domain of the court, to become specific in its injury, by intimidating, or attempting to intimidate, with threats or otherwise, the court or its officers, the parties or their counsel, the witnesses, jurors, and the like, while in the discharge of their duties as such, if it be constructive because of the place where it happens, because of the direct injury it does in obstructing the workings of the organization for the administration of justice in that particular case, the power to punish it has not yet been taken away by any statute, however broad its terms may apparently be."

If the facts alleged in the affidavit, and proven to be true upon this hearing, bring the case within the provisions of section 725, it is a direct, not a constructive, contempt.

4. The vital question to be determined is whether or not the facts alleged and proven bring the case within the provisions of section 725. The power of the courts to punish contempts of their authority is incidental to their general power to exercise judicial functions, and the cases in which it may be employed are limited and defined by acts of congress. It is conceded by counsel for Brule that any attempt made by a person anywhere within the building where the court is held, or upon the block of land owned by the United States upon which the building is erected, to induce a witness not to testify in a case then pending in court, would be a contempt of court committed in its presence, and such is the result of the reasoning of the courts in Savin, Petitioner, supra; Sharon v. Hill, supra; U. S. v. Patterson, 26 Fed. 511; U. S. v. Carter, 3 Cranch, C. C. 423;[1] Ex parte Terry, 128 U. S. 290, 9 Sup. Ct. 77. No authority has been cited as to the precise meaning of the words of the statute, "or so near thereto as to obstruct the administration of justice," that would be applicable to this case. The court must therefore look to the reasons given in analogous cases to ascertain the intention of the statute. In Savin's Case the misbehavior was not committed in the immediate view of the court. The witness was in attendance upon the court, in obedience to a subpœna commanding him to appear as a witness in behalf of one of the parties to a cause then being tried. While he was so in attendance, and when in the room used for witnesses, Savin endeavored to deter him from testifying in favor of the government, in whose behalf he had been summoned; and afterwards, on the same occasion, and while the witness was in the hallway of the court room, Savin offered him money not to testify against the defendant then on trial. The court held that the conduct of Savin was misbehavior in the presence of the district court—

"For which he was subject to be punished, without indictment, by fine or imprisonment, at its discretion, as provided in section 725 of the Revised Statutes. And this view renders it unnecessary to consider whether, as argued, the words, 'so near thereto as to obstruct the administration of justice,' refer only to cases of misbehavior outside of the court room, or in the vicinity of

---

[1] Fed. Cas. No. 14,740.

the. court building, causing such open or violent disturbance of the quiet and order of the court, while in session, as to actually interrupt the transaction of its business."

In Cuddy, Petitioner, 131 U. S. 280, 9 Sup. Ct. 703, Cuddy was adjudged guilty of contempt of court in approaching one McGarvin, a juror, with the object on Cuddy's part to improperly influence McGarvin's action in the event that he should be sworn as a juror in a case then pending in the district court. The petition for the writ of habeas corpus was silent as to the place where Cuddy approached the juror,—whether in the court building or upon the public highway,—and the court, acting upon the principle that, when the judgment of a district court is attacked collaterally, every inteadment will be made in support of the judgment, said:

"That which, according to the finding and judgment, the appellant did, if done in the presence of the court (that is, in the place set apart for the use of the court, its officers, jurors, and witnesses), was clearly a contempt, punishable, as provided in section 725 of the Revised Statutes, by fine or imprisonment, at the discretion of the court, and without indictment. Savin, Petitioner, 131 U. S. 267, 9 Sup. Ct. 699. * * .* Whether the attempt to influence the conduct of the term trial juror McGarvin was or was not, within the meaning of the statute, misbehavior so near to the court 'as to obstruct the administration of justice,' however distant from the court building may have been the place where the appellant met him, is a question upon which it is not necessary to express an opinion."

Now, from the reasoning of these cases, it is made perfectly clear that the misbehavior of which Brule is guilty, if it had occurred anywhere within the building where the court is held, would have been "clearly a contempt, punishable as provided in section 725 of the Revised Statutes, by fine or imprisonment, at the discretion of the court, and without indictment." Why? Because, under such circumstances, it would have been misbehavior of a person in the presence of the court. But the statute says that the misbehavior of a person "so near thereto as to obstruct the administration of justice" may be likewise punished as a contempt of court. If it is a contempt to bribe a witness in front of the courthouse door, is it not a contempt to attempt to do the same thing on the street opposite the court building, or four blocks away? Is not the result the same? Is not the motive of the accused the same? What difference does it make whether the attempt was made on the ground owned by the United States, or at the residence of the witness in the same town, four blocks, or about one-quarter of a mile away, from the court building? In one case the misbehavior would be construed to be in the presence of the court, and in the other "so near thereto as to obstruct the administration of justice," and the statute. in clear language, is made to apply to both cases.