## UNITED STATES OF AMERICA, Plff.,
### *v.*
## DR. VICTOR COLL Y CUCHI ET AL., Dfts.

San Juan, Criminal, No. 3141.

Opinion filed March 29, 1923.

*Mr. Ira K. Wells,* United States District Attorney, for the United States.

*Mr. F. H. Dexter* attorney for Victor Coll y Cuchi.

ODLIN, Judge, delivered the following opinion:

On March 24, 1923, there was filed by the attorney for Dr. Victor Coll y Cuchi, one of the four defendants in this proceeding, a demurrer based upon the ground that the information herein filed fails to set forth facts sufficient to constitute misbehavior in the presence of this court, or so near thereto as to obstruct the administration of justice; and also that the facts alleged in the information do not constitute misbehavior on the part of the said Victor Coll y Cuchi as an officer of this court in his official transactions.

Then the claim is made by the counsel for said Victor Coll y Cuchi that the latter cannot be held for hearing upon this information in accordance with the statutes and laws of the United States, and the demurrer concludes with a prayer in the alternative that the information should be dismissed or that the defendant, the said Victor Coll y Cuchi, should be given the right of trial by jury.

Mr. Dexter has filed a long and very ingenious brief in support of this demurrer. I have carefully examined said brief and all the authorities therein cited. It is of course clear that the information does not set forth any facts, nor does it purport to allege against Victor Coll y Cuchi any facts which constitute misbehavior in the presence of this court; and of course no claim is made that there was any misbehavior on the part of the said Victor Coll y Cuchi as an officer of this court. But when we come to the claim embodied in this demurrer that the information set forth no facts constituting misbehavior so near to this court as to obstruct the administration of justice, I am forced to the conclusion that the demurrer is not well founded, and I therefore feel bound to overrule the demurrer, and will briefly state my reasons therefor.

In another branch of this unpleasant case I had occasion to cite at some length a decision of the circuit court of appeals of the eighth circuit in the case of Merchants' Stock & Grain Co. v. Board of Trade, reported in 120 C. C. A. 582, 201 Fed. 20; also a very important decision by the Supreme Court of the United States in the Savin Case, 131 U. S. 267, 33 L. ed. 150, 9 Sup. Ct. Rep. 699; and also another important decision of the Supreme Court of the United States, in the Shipp Case, 203 U. S. 563, 51 L. ed. 319, 27 Sup. Ct. Rep. 165, 8 Ann. Cas. 265. Since carefully studying those cases for a second time, I have found two additional cases which seem to me to have a direct bearing upon the question now before me. I refer to the Brule Case, reported in 71 Fed. 943, a decision by Mr. District Judge Hawley of Nevada; and also an important decision of the circuit court of appeals of the ninth circuit in Re Dubose, reported in 48 C. C. A. 1, 109 Fed. 971.

In the Brule Case it appears that there was a man named Langevin who was a material and important witness for the United States in a criminal case, and that Langevin had not actually been subpœnaed by the United States as a witness, but that Brule knew that the United States proposed to summon Langevin; thereupon Brule paid Langevin $400 to conceal and hide himself so that the marshal could not find him, and thereby the United States was forced to go to trial without the testimony of Langevin. Judge Hawley in the concluding part of his opinion distinctly holds that in order to constitute a contempt of court by reason of there being misbehavior so near to the court as to obstruct the administration of justice, it does not mean that the act (which in the Brule Case was that of bribing a witness instead of intimidating or tempering with a witness) must be done within the courthouse building, or in front of the courthouse door, but that it may be punishable as a contempt if it is done on the street opposite the court building or four blocks away. The result is the same and the motive of the accused is the same, and the learned judge says that he is unable to appreciate any difference whether the attempt to bribe the witness is made on ground owned by the United States or at the residence of the witness in the same town four blocks away, a distance of about a quarter of a mile from the court building. He closes his opinion by stating that in one case the misbehavior would be construed to be in the presence of the court, and in the other case the misbehavior would be, in the words of the statute, "so near thereto as to obstruct the administration of justice."

Coming to the Dubose Case, we find that Dubose was a lawyer practising in Alaska. He advised a client to disobey and

to refuse to comply with the terms of a certain writ which had been issued by a circuit judge of the United States court in San Francisco, hundreds of miles away. And Dubose was refused a jury trial and was found to be guilty of contempt and sentenced to six months in jail to be served in California.

Coming once more to the Shipp Case, here the order of the Supreme Court of the United States itself had been issued in the city of Washington, and the act of Shipp was committed hundreds of miles away in the state of Tennessee.

It therefore seems to me unquestionably established by the decisions of the Federal courts that the word "near" does not necessarily mean that the court must decide the point in a sense purely geographical. I am convinced that the true interpretation of this word "near" is that the act has such connection with the administration of justice as to impede, or obstruct, or interfere therewith. The facts alleged in this information, if true (and they must be assumed to be true so far as this demurrer is concerned), show that Felix Torres was an important witness for the United States and that Victor Coll y Cuchi knew it, and that the latter enticed said Torres from the home of Torres in Caguas to the home of Victor Coll y Cuchi in Santurce, something like 4 miles from this building. My construction of these decisions is that even if Victor Coll y Cuchi had gone to the home of Felix Torres in Caguas, 20 miles away, and had there sought to intimidate, or frighten, or bribe, or tamper with the said Torres as a witness for the United States, he would equally have been guilty of violating the law governing this matter of contempt.

In conclusion I deem it proper to say that the fact that the act of Victor Coll y Cuchi, if true, might subject him to indict-

ment, does not operate to bar the United States from proceeding against him for contempt. The United States has its option. If it sees fit to proceed by indictment, Victor Coll y Cuchi would be entitled to a jury trial; if the United States sees fit to proceed by contempt, as in the present instance, Victor Coll y Cuchi is not entitled to a trial by jury. Nothing can be clearer than this, as shown by rules laid down in the case above cited, reported in 120 C. C. A. 582, 201 Fed. 20, coupled with the language of Mr. Justice Holmes of the United States Supreme Court in the Shipp Case.

Of course it would be much more agreeable to me to have this matter heard before a jury, but I am bound to apply the rules as I believe they have been laid down by the higher Federal courts, and for the reasons herein set forth the demurrer is overruled; and the said defendant Victor Coll y Cuchi is ordered to file his answer to the information on or before Tuesday, April 3, 1923, giving a copy thereof to the United States district attorney.

To this order Victor Coll y Cuchi excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 29th day of March, 1923.