Byron G. SMITH, Plaintiff-Appellee,

v.

Allan L. ROBBINS, Warden,
Defendant-Appellant.

Nos. 71–1277, 71–1278.

United States Court of Appeals,
First Circuit.

Heard Jan. 5, 1972.

Decided Jan. 18, 1972.

Courtland D. Perry, Asst. Atty. Gen., for Allan L. Robbins, Warden.

David J. Halperin, Portland, Me., for Byron G. Smith.

Max D. Stern, John D. Leubsdorf, Foley, Hoag & Eliot, Boston, Mass., Thomas P. Kapantais, Cumberland Center, Me., and Stanley A. Bass, New York City, on the brief for Pine Tree Legal Assistance, Inc., Massachusetts Law Reform Institute, NAACP Legal Defense and Education Fund, Inc., National Office for the Rights of the Indigent, amici curiae.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

The primary issue in this case is whether the district court, 328 F.Supp. 162, in a 42 U.S.C. § 1983 suit brought by a state prisoner against his warden, erred in ruling that mail addressed to

the prisoner and adequately shown to be from a member of the state bar may not be opened, to see if the envelope contains contraband, in the absence of the prisoner. By contraband is meant some physical object in addition to the attorney's letter; the warden does not complain of that part of the order which forbids the reading of the letter itself. The warden appeals.

The prisoner responds by asking us to modify the order to bar prison officials from opening attorneys' letters at all unless they have reason to suspect that they contain contraband. If there is merit in this contention, there is certainly not enough to cause us to hold that the district court was obliged to accept it. If the prisoner is present, he can see that the letter is not being read. That is enough.

However strongly the warden may feel about a possible indignity to the prison administration in a suggestion by the court that it is not to be trusted not to read the letter, this misses the point. The court does not suggest that the warden is untrustworthy. Rather, it is that a prisoner, and possibly some attorneys, may feel, if only to a small degree, that someone in the chain of command may not be trusted, and that the resulting fear may chill communications between the prisoner and his counsel. Once it is granted, as the warden now concedes, that the prisoner has a right to have the confidence between himself and his counsel totally respected, the burden must be on the warden to show a need for any act which could produce even a suspicion of intrusion. If a prisoner can see no good reason for opening a letter in his absence, it would not be unnatural for him to suspect a bad one. Inasmuch as the warden has failed to suggest any reason that seems adequate even to us, we see no reason to leave such possible apprehensions on such an important matter as

right to counsel in the minds of the prisoner or his attorney.

The prisoner has cross-appealed from the court's refusal to entertain his request for relief against alleged action of the warden in cutting off his earned good time for prosecuting this action. The court ruled that the prisoner cannot complain until he had first exhausted his state remedies.

The obligation to exhaust state remedies is one that we always intend to respect, *cf.* Needel v. Scafati, 1 Cir., 1969, 412 F.2d 761, cert. denied 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 113; Still v. Nichols, 1 Cir., 1969, 412 F.2d 778; Grayson v. Montgomery, 1 Cir., 1970, 421 F.2d 1306, although evidently not always sufficiently, *cf.* Connor v. Picard, 1 Cir., 1970, 434 F.2d 673, rev'd 12/20/71, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438. However, the present situation is not an appropriate one in which to give precedence to the state courts. Direct interference with the jurisdiction of the court is the plainest sort of contempt. *See* United States v. Shipp, 1906, 203 U.S. 563, 27 S.Ct. 165, 51 L.Ed. 319; *cf.* In re Savin, 1889, 131 U.S. 267, 9 S.Ct. 699, 33 L.Ed. 150; Conley v. United States, 8 Cir., 1932, 59 F.2d 929, 936; In re Brule, D.Nev., 1895, 71 F. 943. While it is true that there is no power to punish summarily when the obstruction does not occur in close physical proximity to the court, Nye v. United States, 1941, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172, we think it clearly within the offended court's power to order undone whatever affront has been done to it. We note in the warden's behalf that it was the district court, and not he, that raised objection to judicial inquiry into this matter.

The order requiring that attorney mail may be opened in the presence of the prisoner is affirmed. The order dismissing the proceeding with respect to the prisoner's allegedly improper loss of good time is vacated, but the cross-appeal is otherwise denied.