UNITED STATES of America ex rel. Samuel J. PRIEST, Plaintiff,

v.

John T. ZIEGLER, Warden, Defendant.

Civ. A. No. 71–2501.

United States District Court,
E. D. Pennsylvania.

Nov. 28, 1973.

Robert Agre, Student Temple University Law School, Philadelphia, Pa., for plaintiff.

Hinkson & Brennan, Chester, Pa., for defendant.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

Petitioner has filed a pro se complaint entitled "Extraordinary Writ of Complaint" in which he seeks declaratory and other appropriate relief from censorship of his mail while confined in the Delaware County Prison pending trial for (1) fraudulent use of stolen credit cards, (2) possession of narcotics paraphernalia, and (3) forgery. The complaint alleging cruel and unusual punishment was filed December 17, 1971. The petition was construed as a civil rights complaint under 42 U.S.C. § 1983 and leave to proceed in forma pauperis was granted.

The complaint raises the following issues, which are quoted verbatim in pertinent part:

"1. Does an untried inmate have privacy in writing letters to his attorney, court, or any state official? Meaning anyone pertaining to the administration which one could file a complaint to?"

"2. Is mail a privilege, because you are confined, or a right, because you are untried?"

"3. Does the Warden have the right to deny me the right to file motions of cruel and unusual punishment in my mail?"

"4. What law protects the warden in letting another inmate read your mail if he wants to? In fact he must, because of his job."

"5. How can I send a letter out of this institution without it being everybody's business, guard and inmate?"

Plaintiff included in his petition a printed form which sets forth the following rule promulgated by order of defendant, who was warden of the institution at the time of the alleged acts.

"INMATES: Confine your letters to your own personal business. Do not write about other inmates, crimes, etc. Do not write abusive or threatening letters, criticisms or comments (good or bad) about the institution, or the letter will not be mailed."

After receipt of the complaint, defendant thereupon moved the court to dismiss the action for failure to state a claim upon which relief can be granted. In support of his motion he asserted that the acts complained of by the plaintiff were acts which the defendant, in his capacity as warden of the Delaware County Prison, was compelled to perform pursuant to the mandate of Article V of the Act of February 1, 1839, P.L. 10, which provides, inter alia:

"(n)one but the official visitors shall have any communications with the convicts, nor shall any visitor whatever be permitted to deliver to or receive from any of the convicts or other persons confined any letter or message whatever, or to supply them with any articles of any kind, excepting such letters or messages to or from persons confined for trial as may be first submitted or communicated to the keeper, or one of the inspectors, and approved by them, under penalty of one hundred dollars."

The provisions of this act were made applicable to the Delaware County Prison by the Act of April 11, 1866, P.L. 588.

■ We are advised that petitioner, as of this date, has been discharged from the institution. We are further advised that the prison regulations in question have been changed and that prisoners' mail is no longer censored. Because petitioner is no longer incarcerated, his

petition for equitable relief is dismissed for mootness. Petitioner's request for "other appropriate relief" may be construed as a claim for actual and punitive damages. In alleging a denial of his rights through the censorship of his mail, petitioner has set forth allegations which for purposes of this motion to dismiss must be construed in a light that is most favorable to him. Valle v. Stengel, 176 F.2d 697, 701 (3rd Cir. 1949); C. J. Antieau, Federal Civil Rights Acts § 83 (1971).

Although petitioner has failed to make specific allegations to support his claims, and although the defendant may be entitled to immunity as a government official, a motion to dismiss is premature at this state of the proceedings, before the defendant has filed an answer and before there has been any discovery. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). We cannot say as a matter of law at this juncture that plaintiff cannot possibly adduce any facts which would establish a cause of action under 42 U.S.C. § 1983. See Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Gray v. Creamer, 465 F.2d 179 (3rd Cir. 1972); Wright v. McMann, 460 F.2d 126 (2d Cir. 1972); Smith v. Robbins, 454 F.2d 696 (1st Cir. 1972); McDonough v. Director of Patuxent, 429 F.2d 1189 (4th Cir. 1970).

If, at a later stage in the proceedings, it appears that there is no genuine issue as to any material fact, defendant may move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Defendant's motion to dismiss is therefore denied and the following order is entered.