**Ernest BACH, Plaintiff-Appellant,**

v.

**PEOPLE OF the STATE OF ILLINOIS and Peter B. Bensinger et al., Defendants-Appellees.**

**No. 73-1290.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 21, 1974.

Decided Feb. 15, 1974.

Certiorari Denied July 8, 1974. See 94 S.Ct. 3202.

---

Ernest Bach, Ivan E. Bodensteiner, Valparaiso University, School of Law, Valparaiso, Ind., for plaintiff-appellant.

Frank S. Merritt and Howard M. Rubin, Chicago, Ill., for amicus.

William J. Scott, Atty. Gen., James B. Zagel, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

PER CURIAM.

Plaintiff Ernest Bach brought a civil rights action seeking declaratory and injunctive relief along with monetary damages against various state prison officials. In his pro se complaint, plaintiff alleges certain irregularities in the handling of his mail while being incarcerated in a state penitentiary. The district court granted defendants' motion to dismiss for failure to state a claim upon which relief could be granted. Plaintiff has appealed. We reverse.

The facts as alleged by plaintiff are summarized as follows. In May 1972 plaintiff, after receiving authority from the appropriate prison personnel, wrote two letters "containing very confidential and embarrassing information about family problems" to his mother and father-in-law and his sister-in-law. The letters were not delivered as addressed but rather forwarded to the Chicago law firm of Downs, Haddix and Schwab along with a cover letter from a prison official directing the lawyers to do with them what they thought appropriate. About a month later, during an interview with a member of the law firm, plaintiff learned that his two letters had been misdirected. According to plaintiff the delay caused in the eventual delivery of the letters "nullified any effect they may have had in preventing future trouble and deterioration of an already delicate family relationship." In July 1972 plaintiff desired to send another letter to a Chicago attorney concerning a civil matter. This letter was returned after prison officials had misaddressed the same. After correspondence with various prison and elected officials about these instances, the present action was commenced.

Plaintiff contends that the district court erred in dismissing his complaint. Plaintiff's challenge is predicated upon his alleged deprivation of free expression, redress of grievances, access to counsel, and confidentiality of his correspondence caused by the prison officials' interference with and misdelivery of his outgoing mail and by his inability to be

present during the inspection of his incoming "legal mail."

We must decide whether plaintiff has succeeded in alleging facts which, if proven, would entitle him to relief, taking into consideration the liberal construction which must be given to a prisoner's pro se complaint. We are convinced that plaintiff has alleged facts sufficient to withstand a motion to dismiss.

■ The district court in dismissing plaintiff's complaint observed that "[i]n order to be actionable under § 1983, more than an isolated instance of failure to protect a prisoner's rights must be alleged." While this might be true as a general proposition, we think it wholly inapplicable here. Plaintiff's complaint alleges more than an occasional mistake or single isolated incident regarding the mishandling of his mail. The allegations reflect that the acts complained of were a continuing form of harassment by prison officials. Plaintiff clearly states in his complaint that this ". . . is *not* an isolated incident but typical of harassment given inmates. . . . ." (Emphasis supplied.) Assuming as we must that plaintiff's allegations are true, this interference with mail as a continuing form of harassment raises serious questions of infringement of constitutionally protected rights which deserve consideration.

Next we address ourselves to the issue of plaintiff's allegation that he was deprived of constitutionally protected rights because he was not allowed to be present during the inspection of his incoming "legal mail." On that we must balance the interest of prison officials in inspecting incoming mail outside the presence of an inmate with the extent to which this practice infringes upon an inmate's constitutionally protected rights.

■■ We note, at the outset, that it is not the opening of mail for inspection that is questioned, but the right of an inmate to be present at that time. It is undisputed that prison officials have a legitimate interest in opening incoming mail for the purpose of checking for weapons, drugs, or other items which might endanger the safety and security of the prison. We know of no valid reason, however, why an inmate should not be present during the inspection of his incoming legal mail.[1] The plaintiff is not asking that his mail be forwarded directly to him.

■ An inmate's need for confidentiality in his communications with attorneys through whom he is attempting to redress his grievances is particularly important. We think that contact with an attorney and the opportunity to communicate privately is a vital ingredient to the effective assistance of counsel and access to the courts. Adams v. Carlson, 488 F.2d 619 (7th Cir. 1973). The potential for diluting privacy in communication between attorney and client is particularly acute in the facts before us. The prison officials in inspecting incoming mail outside the presence of an inmate are provided with an opportunity to obtain advanced warning of potential litigation which might involve the prison and more significantly could become privy to stratagems being formulated between attorney and client with regard to pending litigation. Therefore, we hold that plaintiff is entitled to be present during the opening of legal mail addressed to him in prison. Smith v. Robbins, 454 F.2d 696 (1st Cir. 1972).[2]

The judgment of the district court dismissing plaintiff's complaint is reversed and the cause remanded for further proceedings.[3]

---

1. The defendants raise the following as potential problems which would arise in the event prisoners were permitted to be present during the inspection of their legal mail: (1) delay in the mail process; (2) increased security rules; and (3) further litigation involving endless credibility conflicts between inmates and prison officials.

2. See also the cases collected in Adams v. Carlson, *supra*, 488 F.2d at 631.

3. We think it appropriate on remand to appoint counsel for pro se plaintiff.