**Application of Epifanio CENTENO, Petitioner,**

v.

**DEPARTMENT OF CORRESPONDENCE OF the ATTICA CORRECTIONAL FACILITY, and Harold Smith, Superintendent of Attica Correctional Facility, Defendants.**

**No. Civ–1974–57.**

United States District Court, W. D. New York.

Feb. 26, 1976.

Epifanio Centeno, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City (Douglas S. Cream, Buffalo, N. Y., of counsel), for defendants.

CURTIN, Chief Judge.

This is an action by the petitioner, who claims that while he was incarcerated at the Attica Correctional Facility a letter from a state appellate court, dated January 4, 1974, was opened and read, outside of his presence, in violation of the institutional rules that special correspondence such as this letter is not to be read, but only opened to check for contraband, in the presence of the inmate. N. Y. Dept. of Correctional Services Adm. Bull. # 20 (Jan. 31, 1972). The petitioner apparently contends that this act also constituted a violation of his civil rights. 42 U.S.C. § 1983.

The defendants have moved to dismiss, claiming the case is governed by the Second Circuit's ruling in *Sostre v. McGinnis*, 442 F.2d 178 (2d Cir. 1971) (en banc), *cert. denied*, 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972). In that decision, the court ruled that the prison officials could open and read *all* outgoing and incoming correspondence. *Id.* at 201. The Supreme Court, when considering a prison regulation which required inmate mail from attorneys only be opened in the inmate's presence, ruled that the State has "done all, and perhaps even more, than the Constitution requires." *Wolff v. McDonnell*, 418 U.S. 539, 577, 94 S.Ct. 2963, 2985, 41 L.Ed.2d 935, 963 (1974). *See Wilkinson v. Skinner*, 462 F.2d 670 (2d Cir. 1972).

The Second Circuit recently upheld this court's dismissal of a quite similar suit also arising out of Attica Correctional Facility. *Morgan v. Montanye*, 516 F.2d 1367 (2d Cir. 1975). In that case, in which there was a single incident of mail clearly marked as originating from an attorney being opened out of the presence of an inmate, and in which there was no indication that the inmate suffered any damages, the Second Circuit ruled that the prisoner did not have a cause of action against the defendants.

In the instant case, Centeno refused to accept the opened letter and it was returned to the appellate court. The court does not feel that such self-inflicted damages (if the return of the letter did result in damage) make this case distinguishable from *Morgan v. Montanye, supra*. Indeed, the pro se papers submitted here indicate that Centeno read at least a portion of the letter before he returned it to the guard; he states that the letter was postmarked January 8, 1974 and was written and dated January 4, 1974.

While other circuits have ruled that an inmate must be present when special correspondence is opened, the Second Circuit has denied a motion for rehearing *Morgan* en banc. *Morgan v. Montanye*, 521 F.2d 693 (2d Cir. 1975), *cf. Adams v. Carlson*, 488 F.2d 619 (7th Cir. 1973); *Smith v. Robbins*, 454 F.2d 696 (1st Cir. 1972).

The petitioner has not alleged interference with any other specific items of mail. The motion to dismiss is granted.

Permission to appeal in forma pauperis is denied, with the qualification that the petitioner may file with the Clerk of the United States District Court, United States Court House, Buffalo, New York, a notice of appeal, without the payment of filing fees.

Further requests for permission to appeal in forma pauperis should be directed, on motion, to the United States Court of Appeals for the Second Circuit, Foley Square, New York City, in accordance with the requirements of Rule 24(a) of the Federal Rules of Appellate Procedure.

So ordered.