Vincent GRILLO, Plaintiff,

v.

Allyn R. SIELAFF et al., Defendants.

No. 75 C 2967.

United States District Court, N. D. Illinois, E. D.

May 5, 1976.

Martha M. Jenkins, Nikki Heidepriem, Schiff, Hardin & Waite, Arthur G. Powers, Schiff, Hardin & Waite, Chicago, Ill., for plaintiff.

Joseph M. Cotugno, State of Ill., Dept. of Corrections, Chicago, Ill., for defendants.

Vincent Grillo, pro se.

Melbourne A. Noel, Chicago, Ill., for Allyn Sielaff.

## MEMORANDUM OF DECISION

JULIUS J. HOFFMAN, Senior District Judge.

This is an action under 42 U.S.C. §§ 1983 & 1985 by an inmate of the Stateville branch of the Illinois State Penitentiary who claims to have been deprived of his constitutional rights to due process, equal protection and the right to be free from cruel and unusual punishment. The plaintiff is seeking monetary and injunctive relief, and invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 & 1343.

Named as defendants are Allyn R. Sielaff, director of the Illinois Department of Corrections, Stateville warden David H. Brierton, five assistant wardens, twenty-one correctional officers and four inmates.

The amended complaint consists of six "Claims for Relief" which, in substance, charge that the plaintiff was beaten on three separate occasions by both prison guards and inmates; denied adequate medical treatment following the beatings; and subsequently ordered into punitive segregation without a fair hearing.

The First, Third and Fifth claims for relief attempt to impose liability upon the defendants who plaintiff maintains actually participated in the acts in question, as well as upon the prison administrators who allegedly knew of and permitted such conduct to occur. The Second, Fourth and Sixth claims for relief charge all the defendants with conspiring to beat, harass and deny adequate medical treatment to the plaintiff.

Defendant Sielaff has filed an answer to the amended complaint, denying any knowledge of or acquiescence in the conduct asserted to have resulted in the deprivation of plaintiff's constitutional rights. The remaining defendants, with the exception of inmates Bradshaw, Jackson, Bell and Childress, have moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted.

In reviewing the sufficiency of a complaint

". . . [t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his claims."

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974). Thus while recovery may be remote and unlikely, the court is obligated to accept well-pleaded allegations as true, and may not dismiss a complaint for failure to state a claim

". . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957).

In the case at bar plaintiff's various constitutional claims arise initially as a result of three beatings he is alleged to have suffered at the hands of certain correctional officers and inmates.

Plaintiff contends that on or about June 17, 1975, while being transferred from his cell in the prison's detention hospital to the B House segregation unit, he was repeatedly beaten by officers Moran, Fleming, Simmons, Rickman, Newton, Ephraim, Farmer, Cartwright, Stokes, Johnson, Zieski, Daniels, Currie, Sharp and Lazenby.

The second beating is alleged to have taken place on or about September 29, 1975,

in the shower room, by officers Hall, Darden, Newton, Roberts and Ephraim, and inmates Bell, Childress and Bradshaw.

The third incident purportedly occurred on or about November 13, 1975, when officers Gray, Darden and Washington evidently stood by and watched as plaintiff fought with inmate Childress.

■ Since not every intentional use of force by a correctional officer violates a prisoner's constitutional rights, *Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973), the allegations in the amended complaint, to be actionable under 42 U.S.C. § 1983, must indicate

"  .  .  .  that the prisoner has been administered physical and mental abuse or corporal punishment of such base, inhumane, and barbaric proportions that it shocks and offends the court's sensibilities and offends the Eighth Amendment as well."

*Butler v. Bensinger*, 377 F.Supp. 870, 877 (N.D.Ill.1974).

■ The plaintiff's assertion that on or about June 17, 1975, he was punched, kicked, hit with a cloth-wrapped object and "slammed" into a steel door "as a battering ram", during which time he was wearing a restraining belt, exemplifies the type of unjustified beating that is cognizable under Section 1983. *Butler v. Bensinger*, supra; see also *Aulds v. Foster*, 484 F.2d 945 (5th Cir. 1973). Conversely, the general allegations concerning the September 29th incident do not suggest that the asserted guard brutality was of constitutional magnitude.

■ Furthermore, plaintiff does not maintain that any correctional officers participated in the November 13th incident. Thus in the absence of an allegation that the prison officials failed to protect the plaintiff from attacks by fellow inmates, see *Woodhous v. Commonwealth of Va.*, 487 F.2d 889 (4th Cir. 1973), occasional, isolated attacks by one prisoner on another do not give rise to an action under Section 1983. *Penn v. Oliver*, 351 F.Supp. 1292 (E.D.Va. 1972). Moreover, without an allegation

that defendants Bradshaw, Jackson, Bell and Childress were carrying out specific orders of the correctional officers, or that they had been granted authority that enabled them to harm the plaintiff, Section 1983 does not provide a basis for recovery from prison inmates. *United States ex rel. Miller v. Twomey*, 479 F.2d 701 (7th Cir. 1973), cert. denied, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974).

■ The plaintiff also charges warden Brierton, and assistant wardens Bosse, Wallenstein, Revis, Stampar and Kapture with liability for the beatings. But since the doctrine of respondeat superior is not applicable in actions brought under Section 1983, *Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971), only the claim against defendant Brierton as to the June 17th incident, which is based upon his alleged actual knowledge of and acquiescence in the conduct at issue, is actionable. *Black v. Brown*, 513 F.2d 652, 654 n.3 (7th Cir. 1975); see also *Bach v. People of the State of Illinois*, 504 F.2d 1100 (7th Cir. 1974).

■ In addition, plaintiff maintains that following the purported beatings he was denied adequate medical treatment. A claim of medical mistreatment, however, rises to constitutional proportions only when the prisoner is refused essential medical care after bringing his complaint to the attention of the prison authorities. *Thomas v. Pate*, 493 F.2d 151 (7th Cir. 1974).

■ Here, it is not alleged that defendant Such, the Hospital Administrator, or defendant Venckus, the Chief Medical Officer, were ever made aware of plaintiff's request for medical attention, or that defendants Sparrow, Bick and Spencer were responsible for plaintiff's care and safekeeping. See *Spence v. Staras*, 507 F.2d 554 (7th Cir. 1974). Neither do the factual allegations in the amended complaint suggest the presence of severe and obvious injuries, or any other exceptional circumstances which might contribute to the statement of a claim under Section 1983. *Church v. Hegstrom*, 416 F.2d 449 (2d Cir. 1969).

■ As to plaintiff's challenge of the manner in which disciplinary hearings relating to the three incidents at issue were conducted, the asserted failure to provide adequate notice and a hearing before impartial officers, in view of a prisoner's right to at least certain minimum procedural safeguards at hearings where commitment to punitive segregation or loss of good time are at stake, is within the scope of Section 1983. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *United States ex rel. Miller v. Twomey*, supra.

It should also be noted that although plaintiff claims that his subsequent disciplinary confinement in B House at Stateville was itself cruel and unusual punishment, he has nevertheless failed to allege with specificity the conditions that would support such a contention. Compare *Thomas v. Pate*, supra, with *Adams v. Pate*, supra.

■ Finally, it is the opinion of the court that the claims of conspiracy are without merit. Application of 42 U.S.C. § 1985 is limited to conspiracies to deprive persons of equal protection, *Collins v. Bensinger*, 374 F.Supp. 273 (N.D.Ill.1974), aff'd., 506 F.2d 1405 (7th Cir. 1974), cert. denied, 422 U.S. 1058, 95 S.Ct. 2683, 45 L.Ed.2d 710 (1975), and requires

" . . . some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."

*Griffin v. Breckenridge*, 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338, 348 (1971).

■ Thus in the absence of an allegation

" . . . that the conspiracy had as its purpose a class-based invidiously discriminatory deprivation of the equal protection of the laws or of equal privileges and immunities under the laws,"

the claims brought under Section 1985 are not actionable. *Lesser v. Braniff Airways, Inc.*, 518 F.2d 538 (7th Cir. 1975).

■ Furthermore, even assuming that plaintiff is attempting to charge the defendants with conspiracy under Section

1983, he has failed to show that they acted in concert, or engaged in any overt acts in furtherance of the conspiracy. *Sykes v. State of Cal.*, 497 F.2d 197 (9th Cir. 1974); *Dieu v. Norton*, 411 F.2d 761 (7th Cir. 1969).

Accordingly, the order of the court will be as follows:

(1) The motion of defendants Bosse, Wallenstein, Revis, Stampar, Kapture, Branch, Hall, Darden, Roberts, Washington, Gray, Such, Venckus, Sparrow, Spencer and Bick to dismiss the amended complaint will be allowed;

(2) The amended complaint will be dismissed, sua sponte, as to defendants Bradshaw, Jackson, Bell and Childress;

(3) The Second, Fourth and Sixth claims for relief and all other claims dealing with conspiracy, the beatings of September 29, 1975 and November 13, 1975, denial of adequate medical treatment and the conditions of confinement in B House at Stateville will be dismissed as to all the remaining defendants, including defendant Sielaff;

(4) The motion of defendant Brierton to dismiss the amended complaint will be denied as to those claims concerning his alleged knowledge of and acquiescence in the June 17, 1975 beating, and the conduct of the disciplinary hearings in question;

(5) The motion of defendants Cartwright, Stokes, Moran, Fleming, Simmons, Rickman, Sharp, Lazenby, Currie, Newton, Ephraim, Farmer, Johnson, Zieski and Daniels to dismiss the amended complaint will be denied as to those claims concerning their participation in the June 17, 1975 beating;

(6) Defendants Brierton, Cartwright, Stokes, Moran, Fleming, Simmons, Rickman, Sharp, Lazenby, Currie, Newton, Ephraim, Farmer, Johnson, Zieski and Daniels shall file their answers to the amended complaint on or before May 17, 1976.