LEWIS AARONSON AND ROBERTA AARONSON, ET AL., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Aaronson v. Commissioner
Docket No. 17445-82.
United States Tax Court
T.C. Memo 1985-131; 1985 Tax Ct. Memo LEXIS 498; 49 T.C.M. (CCH) 1010; T.C.M. (RIA) 85131; March 25, 1985. Leonard T. Bradt, for petitioners Richard and Fiorella Hongsermeier. Chris Ray, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Petitioners' Motion for Contempt was assigned to Special Trial Judge Peter J. Panuthos, for hearing, consideration and ruling thereon. [1] After *499 a review of the record we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on petitioners Richard and Fiorella Hongsermeier's motion to hold the Commissioner of Internal Revenue in contempt. The motion was filed on July 12, 1984, and heard on December 12, 1984, at a Motions Session of the Court in Washington, D.C.
The petition in this case was filed on July 12, 1982. [2] According to the statutory notices of deficiency issued to each of the petitioners, the issue appears to be a disallowed interest deduction which, the respondent determined, resulted from sham transactions. [3] The parties to this motion are Richard Hongsermeier and Fiorella Hongsermeier (hereinafter referred to as the Hongsermeiers or petitioners). The notice of deficiency dated April 15, 1982, determined deficiencies and additions to tax against the Hongsermeiers as follows: Additions to Tax
Year
Deficiency
Sec.6653(a) [4]
1978
$9.303.00
$465.00
1979
11,866.00
593.00
1980
18,717.00
936.00
*500 The Hongsermeiers seek to have the Commissioner of Internal Revenue held in contempt. As a basis for their motion, the Hongsermeiers allege that the Commissioner has wrongfully assessed and collected portions of the determined deficiencies. Respondent concedes that his assessment and collection action was erroneous, however, he argues that such action was not undertaken in contempt of this Court. FINDINGS OF FACT Based upon the testimony of Richard D. Hongsermeier, the exhibits filed and the entire record, we find the following facts: after the filing of the petition in this case, the Hongsermeiers *501 received a letter from the Internal Revenue Service (IRS) dated November 29, 1982. The letter was entitled "final notice" and advised the Hongsermeiers that they had 10 days to pay their tax liabilities, additions and interest with respect to the taxes assessed for the taxable years 1978, 1979 and 1980, the years at issue in their petition. Soon after receipt of this letter, Richard Hongsermeier telephoned the local IRS office and advised that he and his wife had filed a petition with respect to these tax liabilities and therefore the notice must be in error. While Mr. Hongsermeier advised the IRS representative of the docket number of his case in the Tax Court, he did not advise the representative of the fact that the name of the leas petitioner in this group of some sixty petitioners was different from his own. The Hongsermeiers also had an attorney, L.T. Bradt, [5] send a letter to the IRS at Houston, Texas, on December 3, 1982, advising the IRS of the erroneous assessment and notice. Mr. Hongsermeier did not inform attorney Lu N. Nevels Jr. (counsel who filed the petition in this case) of the letter he received from the IRS. *502 In a notice dated May 16, 1983, the Hongsermeiers were advised by the IRS that the refund due from their income tax for the taxable year 1982 was offset by the deficiency assessed for 1978. On June 6, 1983, attorney Brian J. Seery sent a letter to the Chief, Taxpayer Assistance Section, Internal Revenue Service, Austin, Texas, advising them of the erroneous assessment and erroneous offset. The Hongsermeiers did not receive any response with respect to Mr. Seery's letter or Mr. Bradt's letter. On June 4, 1984, the IRS sent a notice to the Hongsermeiers that an overpayment due them for the taxable year 1983 was being offset by the tax liability assessed for the taxable year 1980. On June 29, 1984, a representative of District Counsel, Honolulu, Hawaii, wrote to attorney Bradt that abatements were being processed for the taxable years 1978, 1979 and 1980. Also refunds were being requested with respect to any overpayments which had been offset as a result of the erroneous assessment. As of the date of the hearing on this matter the assessments had been abated and the Hongsermeiers had received their refunds including interest. In his brief and in oral argument, respondent explained *503 the reason for the erroneous assessments and offset. Respondent points out that the petition in this case contained approximately 60 separate and distinct petitioners. As a method of advising all offices of the IRS that as petition has been filed in a particular case, the IRS prepares what are called "green sheets" listing the name and docket number of petitions filed with the Tax Court. The error made in this case was that the "green sheet" listed only the lead petitioners, Lewis Aaronson and Roberta Aronson. As a result, many of the remaining petitioners' tax liabilities were assessed, including the Hongsermeiers'. Respondent further points out that several additional administrative errors occurred in an attempt to correct the initial erroneous assessment. Respondent asserts that when Chief Counsel's office was advised of the problem in May of 1984, immediate action was taken to correct the original assessment and collection error. OPINION Petitioners argue that respondent's assessment and collection action was a deliberate and direct interference with the jurisdiction of the Tax Court and that such interference with this Court constitutes contempt [6]. *504 Contempt has been defined in several ways. Generally it involves the disregard or disobedience of a judicial order. The disorderly or insolent interruption of judicial proceedings can also constitute contempt. Commonwealth v. Local Union 542, International Union of Operating Engineers,552 F.2d 498 (3rd Cir. 1977). Contempt of court can be civil or criminal. In Trohimovich v. Commissioner,77 T.C. 252, 257 (1981), we stated as follows: * * * The distinction between civil contempt and criminal contempt, as we understand it, is not so much in the manner in which the contemptuous action is taken nor the intent of the contemnor, but is in the purpose which the adjudication of contempt is to accomplish. Civil contempt has a coercive purpose to compel compliance; the extent of the punishment is dependent upon whether the contemnor purges himself by obeying the Court's order. Criminal contempt has a punitive purpose, to punish defiance of a court order, i.e., to vindicate the authority of the Court. See Norman Bridge Drug Co. v. Banner,529 F.2d 822 (5th Cir. 1976). [Footnote ref. omitted.] Because the Commissioner has rectified *505 his erroneous actions by abating the assessments and issuing refunds, petitioners could not have any coercive purpose to their motion at this point, but rather they seek to punish the Commissioner for his past action. Rule 13(d) specifically provides that in Tax Court proceedings, contempt of court may be punished by fine or imprisonment within the scope of section 7456(d) (now section 7456(e)). Section 7456(e) provides as follows: (e) Incidental Powers. - The Tax Court and each division thereof shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as - (1) misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) misbehavior of any of its officers in their official transactions; or (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command. It shall have such assistance in the carrying out of its lawful writ, process, order, rule, decree, or command as is available to a court of the United States. Petitioners' motion cannot succeed under this section for a number of reasons. Quite obviously, neither paragraph (1) *506 nor (2) applies. As to paragraph (3), there has been no lawful writ, process, order, rule, decree, or command issued by this Court which has been disobeyed or resisted by the Commissioner. Contrary to petitioners' contention, the Commissioner's conduct in assessing and collecting the deficiencies does not interfere with the Court's jurisdiction which was properly invoked upon the filing of the petition in this case. While the assessment and collection of the deficiencies after the filing of the petition in this case may be violative of section 6213(a), it is a different matter to suggest that such violation somehow deprives this Court of jurisdiction. In fact, as respondent appropriately points out, section 6213(b)(4) provides that even where an amount determined as a deficiency is paid and assessed upon receipt of the payment after the mailing of a notice of deficiency under section 6212, the Tax Court will not be deprived of jurisdiction over such deficiency notiwithstanding the assessment. Thus, the jurisdiction of this Court is not affected by the erroneous actions of the Commissioner. For the reasons set forth herein, petitioners' motion is denied. An appropriate order *507 will be entered.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. The petition is some 178 pages in length. The joint petition of approximately 60 separate and distinct petitioners requests a redetermination with respect to 60 separate and distinct notices of deficiency. See Rule 34(a)(1), Tax Court Rules of Practice and Procedure.↩
3. Respondent characterized the cases as involving the "Kersting interest deduction shelter" or "Aloha Project shelter cases." ↩
4. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
5. This is not the attorney who filed the petition in this case.↩
6. Petitioners cite United States v. Shipp,203 U.S. 563 (1906) and Smith v. Robbins,454 F.2d 696↩ (1st Cir. 1972).