972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald J. MINNIECHESKE and Robert Brown, Plaintiffs-Appellants,
v.
Donald W. GUDMANSON, Larry Stahowaik, Michail India, et al.,
Defendants-Appellees.
 No. 91-2532.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 5, 1992.*
Decided Aug. 20, 1992.
 
 Before CUDAHY and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Donald Minniecheske and Robert Brown appeal pro se from the district court's denial of their request to proceed in forma pauperis (IFP) and dismissal their complaint with prejudice. They also appeal from the district court's denial of their motion for reconsideration. We affirm in part, reverse in part, and modify in part.
 
 
 2
 Minniecheske and Brown, inmates at the Oshkosh Correctional Institution (OCI), filed a civil rights complaint under 42 U.S.C. § 1983 concerning events alleged to have occurred in the prison. They named as defendants various OCI officials and others not affiliated with the facility. In the first cause of action, Minniecheske alleges that he received a "major ticket" for unauthorized use of the bathroom. The security guard issued him a ticket after he had been warned about loitering in the men's room to assist Brown with a legal action. Minniecheske claims he was relieving himself and washing his hands. As punishment, Minniecheske claims to have been placed "in the hole" for three days after being denied the right to call, confront, and cross-examine security guards at the hearing. In the second cause of action, he claims to have been deprived adequate time with his attorney to prepare for a hearing (although it is not clear whether the proceeding involved him or his son), and to have been denied the opportunity to call his attorney prior to the hearing. In addition, Minniecheske alleges that correspondence from his attorneys and the courts were opened when he was not present. The third cause of action alleges that the prison dentist committed malpractice by using mercury fillings and providing inadequate dental care. In the final cause of action, Minniecheske alleges that the publisher of the Shawno newspaper disseminated false statements about him. Brown, meanwhile, alleges that he asked for a writ of mandamus from a state judge who returned the papers to him with a request that his wife provide an affidavit. Brown also claims the prison staff refused to notarize his wife's affidavit.
 
 
 3
 In the motion for reconsideration, Brown maintained that OCI has permitted a white immate to visit with his spouse while he, a black prisoner, has been denied similar treatment. Minniecheske reiterated that exposure to mercury poisoned him, causing various physical ailments and pains. And finally, Minniecheske claimed that his confinement is unlawful because he has been subjected to double jeopardy and because the state's only witness against him was a convicted perjurer.
 
 
 4
 The mandate to construe pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519 (1972), nevertheless allows judges to dismiss frivolous IFP claims sua sponte. 28 U.S.C. § 1915(d). A claim is frivolous if the pro se litigant is unable to formulate any rational argument in law or fact that would entitle him to relief. Neitzke v. Williams, 490 U.S. 319 (1989). We review dismissals under § 1915(d) for abuse of discretion. Denton v. Hernandez, 1992 WL 86565 (U.S. May 4, 1992).
 
 
 5
 Only two of the allegations presented a rational argument either in law or fact. The other claims failed to state a federal claim entitling either Minniecheske or Brown to relief. Minniecheske does not have a constitutional right to call his attorney (or his son's) when he pleases. An inmate may place a telephone call to an attorney regarding legal matters only with the permission of the appropriate staff member. WIS ADMIN.CODE § DOC 309.57. Similarly, a prisoner may meet with his attorney at the institution subject to the rules of the facility. Id. at 309.14(2). However, liberty interests do not arise when prison authorities cut short a meeting between attorney and client because the prisoner is required to be at lunch, as was the case here. Cf. Mayo v. Lane, 867 F.2d 374, 379 (7th Cir.1989) (Flaum, J., concurring). The prison dentist's use of mercury dental fillings, by no means per se evidence of malpractice, did not violate Minniecheske's Eighth Amendment rights. Deliberate indifference to a serious medical need, not medical malpractice, violates the constitutional prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 6
 What may be taken to be Minniecheske's claim of libel is not cognizable under § 1983 because the conduct complained of was not committed by a person acting under color of state law. Coleman v. Frantz, 754 F.2d 719 (7th Cir.1985). Brown's claim of racially discriminatory treatment is conclusory and therefore without merit. Moreover, the Wisconsin Administrative Code regulations regarding visitation rights do not contain mandatory language and substantive predicates to create a liberty interest in his favor. DOC 309.10 et seq.; Kentucky Department of Corrections v. Thompson, 490 U.S. 454 (1989); Mayo, 867 F.2d at 379 ("The right to visit a person is not the kind of fundamental interest protected by the due process clause.") (Flaum, J., concurring).
 
 
 7
 A district court may dismiss that part of an IFP complaint that it finds frivolous but allow the plaintiff to proceed to litigation on the meritorious portion of the complaint. House v. Belford, 956 F.2d 711, 718 (7th Cir.1992). Two of Minniecheske's claims should have survived dismissal. On close questions of federal law, especially those filed pursuant to § 1983, a judge may not dismiss a claim under § 1915(d) merely because he believes the petitioner cannot prove his allegations. Neitzke, 490 U.S. at 328-329; Denton, 1992 WL 86565 at * 5 ("An in forma pauperis complaint may not be dismissed ... simply because the court finds the plaintiff's allegations unlikely.").
 
 
 8
 Despite Minniecheske's claims to the contrary, an inmate has no constitutional right to confront and cross-examine witnesses in prison disciplinary proceedings. WIS.ADMIN.CODE § DOC 303.76(5); Id., App. at 114; Wolff v. McDonnell, 418 U.S. 539, 568 (1974). Wolff, however, guarantees prisoners the right to call witnesses in their defense unless doing so would jeopardize institutional safety or correctional goals. Id. at 566; Redding v. Fairman, 717 F.2d 1105, 1114 (7th Cir.1983), cert. denied 465 U.S. (1984). A prisoner's right to call witnesses on his behalf is also circumscribed if the testimony would add little value to the disciplinary proceeding. See Miller v. Duckworth, No. 91-1681, Slip Op. at 6 (7th Cir. May 13, 1992). Minniecheske alleges that the security guard who issued the ticket and another witness he called did not show up at the hearing. Without allowing this claim to advance at least until the stage of responsive pleadings, it is difficult to say whether the decision by prison authorities to hold the hearing without Minniecheske's witnesses fell within "the necessary discretion ... to keep the hearing within reasonable limits." Wolff, 418 U.S. at 566.
 
 
 9
 Minniecheske's allegations that his mail was opened when he was not present also state a claim. The Wisconsin Administrative Code provides that prison officials have an explicit right to open all correspondence addressed to inmates. Id. at § DOC 309.05(1). But we have held that the First Amendment applies to communications of inmates, particularly when one of the correspondents is not a prisoner. Martin v. Brewer, 830 F.2d 76 (7th Cir.1987). In recognition of security concerns, prison officials may read some types of correspondence (i.e. "general correspondence") received by an inmate, but only inspect "special mail"--including legal mail.[1] Id. at 78; Martin v. Tyson, 845 F.2d 1451, 1456-1457 (7th Cir.1988), cert. denied, 488 U.S. 863 (1988). Nevertheless, a prisoner must be present during the inspection of his incoming legal mail, especially correspondence between him and his attorney. Bach v. People of State of Illinois, 504 F.2d 1100, 1102 (7th Cir.1974), cert. denied, 418 U.S. 910 (1974). Given the developed case law on this subject, the district court prematurely dismissed this claim.
 
 
 10
 Minniecheske's claim that he is being illegally imprisoned is properly construed as a petition for habeas corpus relief requiring exhaustion of all state remedies. 28 U.S.C. §§ 2241 and 2254; Ex parte Royall, 117 U.S. 241, 251 (1886); Keeney v. Tamayo-Reyes, 1992 WL 86572, at * 4 (U.S. May 4, 1992). We agree with the district court that Minniecheske has not demonstrated exhaustion of state remedies. Accordingly, the district court should not have dismissed this claim with prejudice.
 
 
 11
 Minniecheske and Brown offer no argument in their appellate brief suggesting a legal basis for overturning the district court's order. They merely recite the facts detailed in their complaint and provide a listing of cases that bear no relation to the issues at hand. When a pro se litigant's brief contains no identifiable argument, this court reserves the right to dismiss the appeal outright. McCottrell v. E.E.O.C., 726 F.2d 350, 351 (7th Cir.1984). This we decline to do today, finding instead that the district court did not abuse its discretion when dismissing all but the claims concerning the absence of certain witnesses at Minniecheske's hearing and the unauthorized opening of his mail.
 
 
 12
 For the foregoing reasons, we reverse the district court's dismissal of the witness and mail claims. Pursuant to our authority under 28 U.S.C. § 2106, we modify the dismissal to be without prejudice as to what is construed as Minniecheske's claim for habeas corpus relief. We affirm the judgment in all other respects.
 
 
 13
 AFFIRMED IN PART, MODIFIED IN PART, AND REVERSED IN PART.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 "Special mail" includes correspondence received from an inmate's attorney and from courts, congressmen, and other public officials. In order for a letter to be designated "special mail", the sender must put his name on the envelope and mark it with the legend "special mail". Martin v. Brewer, 830 F.2d 76, 77 (7th Cir.1987). See also 28 C.F.R. §§ 540.2(c), 540.18(a)