8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald REYNOLDS, Plaintiff-Appellant,
v.
D. POTTS, Defendant-Appellee.
 No. 93-35174.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 17, 1993.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CV-92-CS-100-CI; Cynthia Imrogno, Magistrate Judge, Presiding.
 E.D.Wash.
 AFFIRMED.
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Reynolds (Reynolds), appeals pro se the district court's granting summary judgment for defendant D. Potts (Potts), a mailroom employee of the Washington State Penitentiary (WSP), in Reynolds' 42 U.S.C. § 1983 action against Potts alleging that Potts restricted delivery of Reynolds' mail in violation of his rights under the First Amendment.
 
 
 3
 The following facts are undisputed: On January 22, 1992, Reynolds' wife sent him a large manila envelope containing a $30.00 money order, photos, a card, and a letter. As originally received, the package contained contraband; viz., a bubble pack envelope. Pursuant to WSP policy, the remaining noncontraband items were held pending directions from Reynolds regarding their delivery. Reynolds' account, however, was immediately credited with the $30.00 money order. Reynolds later requested that the bubble pack envelope be destroyed and the remaining noncontraband items delivered to him. Two days later, on a date approximately five or six weeks after the WSP mailroom received the package, Potts forwarded the noncontraband items to Reynolds.
 
 
 4
 The district court's order suggests that the five to six week delay was due, in part, to Reynolds' failure to respond to a February 12, 1992 mail rejection notice sent to him by the WSP mailroom. On appeal, Reynolds challenges this statement, claiming that he did not receive the February 12, 1992 notice.[1] Reynolds concedes, however, that he received a separate mail rejection notice on March 9, 1992.
 
 
 5
 We find that, even assuming Reynolds received only the March 9, 1992 mail rejection notice, the district court did not err in granting the United States' motion for summary judgment. Although deliberate delay of legal mail may violate a prisoner's first amendment and due process rights, Jackson v. Procunier, 789 F.2d 307, 312 (5th Cir.1986), a single mistake or occasional incident of mishandling of mail, legal or nonlegal, does not state a claim under section 1983. Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir.), cert. denied sub nom., Bensinger v. Bach, 418 U.S. 910 (1974). Moreover, a plaintiff must be able to show that he was injured by the denial of access; mere delay in receiving or sending legal mail does not state a cognizable claim. See Morgan v. Montanya, 516 F.2d 1367, 1371 (2nd Cir.1975), cert. denied, 424 U.S. 973 (1976).
 
 
 6
 At most, Reynolds states a negligence claim against Potts arising from an isolated instance of mail mishandling. Thus, it is insufficient to establish liability under section 1983. While Reynolds states the WSP mailroom is engaging in an "ongoing practice" of delay, he cites no other instances in which his mail delivery was delayed. It is undisputed that, when Reynolds' mail was confiscated, the $30.00 money order was immediately credited to his account. Once Potts received notice from Reynolds regarding the disbursement of the noncontraband items, he quickly forwarded the items. Potts did not confiscate or take any of the noncontraband items, and any delay was less than one and one half months from the date of initial confiscation.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Reynolds also challenges the district court's assumption that, because of the reasoning of several Supreme Court opinions upon which Reynolds relied, Reynolds challenge was to the regulations under which the mail is processed at WSP. However, while the district court did discuss the validity of the prison regulations concerning mail, it also discusses whether Reynolds states a claim under section 1983