**Larry R. BROWN, Plaintiff,**

v.

**Frank QUIGLEY, Defendant.**

No. C 94–0251 BAC.

United States District Court,
N.D. California.

May 19, 1994.

Larry R. Brown, pro se.

## ORDER

CAULFIELD, District Judge.

### INTRODUCTION

Plaintiff, an inmate at Corcoran State Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks to proceed *in forma pauperis*. Venue is proper in this district as the defendants reside in, and a substantial part of the events giving rise to the action occurred in, this district. 28 U.S.C. § 1391(b).

### BACKGROUND

Plaintiff, a state prisoner, alleges that during his incarceration at the California Medical Facility in April of 1992 Frank Quigley, a Secret Service agent out of San Francisco, interviewed him concerning what plaintiff maintains was a "prank" letter plaintiff had written regarding a plot to assassinate the president. Plaintiff complains that Quigley thereafter left official papers with the California Medical Facility and the state prison at Corcoran requiring those facilities to keep all of plaintiff's legal mail. It is unclear, however, whether plaintiff is complaining that he has been unable to receive mail, to send mail, or both.

Plaintiff names Quigley as his sole defendant. He asks the court to order Quigley to rescind his orders and to order the prisons to provide plaintiff with, and not censor, his mail. He also seeks damages.

### DISCUSSION

#### A. *Standard of Review*

Title 28 U.S.C. § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* prior to service "if the allegation is untrue, or if satisfied that the action is frivolous or malicious." Under this standard, a district court may review the complaint and dismiss *sua sponte* those claims premised on meritless legal theories or that clearly lack any factual basis. *Denton v. Hernandez,* —— U.S. ——, —— – ——, 112 S.Ct. 1728, 1730–31, 118 L.Ed.2d 340 (1992). *Pro se* papers must be liberally construed, however, especially where civil rights claims are involved. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980); *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990).

#### B. *Legal Claims*

##### 1. *Proper Cause of Action*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988).

Although plaintiff is a state prisoner, he names as the defendant responsible for his alleged constitutional injury, a federal agent. Therefore, this action does not present a claim under § 1983 as the defendant does not act under color of state law. Under *Bivens v. Six Unknown Named Agents ("Bivens"),* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), however, a private right of action and a damages remedy may be implied from the Constitution itself where there are allegations of constitutional violations made against federal employees or

their agents. Accordingly, plaintiff's complaint will be construed as a *Bivens* claim. The analysis of actions brought pursuant to § 1983 and under *Bivens* are identical. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991); *Jacobson v. Tahoe Regional Planning Agency*, 558 F.2d 928 (9th Cir.1977), *rev'd in part, aff'd in relevant part sub. nom Lake County Estates v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1978).

### 2. *Censorship of Mail*

The censorship of inmate mail may present a cognizable claim under the First Amendment or Due Process Clause of the Fourteenth Amendment.

#### a. *First Amendment*

■ In *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), the Supreme Court discussed the problem of the censorship of inmate mail in the case of direct personal correspondence between inmates and those who have a particularized interest in communicating with them. The Court held that the censorship of such mail implicates the First Amendment rights of the non-prisoner communicator; whether the outside communicator is the author or intended recipient of the communication is of no consequence. *Id.* at 408, 94 S.Ct. at 1808–09. Where these non-prisoner rights are implicated, censorship of prisoner mail is justified if (1) the regulation or practice in question furthers one or more of the substantial governmental interests of security, order, and the rehabilitation of inmates, and (2) it is no greater than necessary to further the legitimate governmental interests involved. *Id.* at 413–14, 94 S.Ct. at 1811–12. "[A]ny regulation or practice that restricts inmate correspondence must be generally necessary to protect one or more ... legitimate governmental interests." *Id.* at 414, 94 S.Ct. at 1812.

In *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), the Court again looked at prisoner correspondence, this time between prisoners. Noting that *Martinez* had only decided a standard for review of non-prisoners' correspondence with prisoners, the *Turner* court sought to establish a standard of review for prisoners' rights. *Id.* at 85–86, 107 S.Ct. at 2260. The Court held that when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is *reasonably related* to legitimate penological interests. *Id.* at 87–88, 107 S.Ct. at 2261. In *Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989), the Supreme Court made clear that the *Turner* standard of reasonableness is now to apply to all regulations affecting the sending of correspondence to a prisoner. *Id.* at 411–12, 109 S.Ct. at 1881. The less-deferential *Martinez* standard of analysis has been limited to regulations concerning *outgoing* correspondence. *Id.* The Court also overruled *Martinez* to the extent that any distinction was to be made between incoming correspondence from prisoners and non-prisoners. Thus, all incoming correspondence is to be reviewed under the *Turner* standard. *Id.*

■ Liberally construed, plaintiff presents a cognizable claim that his First Amendment rights have been violated as a result of the censorship of his mail for what he maintains is not a legitimate government interest.

#### b. *Due Process*

In *Wolff v. McDonnell*, 418 U.S. 539, 577, 94 S.Ct. 2963, 2985, 41 L.Ed.2d 935 (1974), the Supreme Court addressed the narrow question of the permissibility of the inspection of mail received by inmates from attorneys for contraband. The Court refused to decide under what constitutional protection the answer to such would lie. *Id.* at 576, 94 S.Ct. at 2984–85. The Court did distinguish between the *inspection* and the *censorship* of mail, however. *Id.* The Court found that the inspection for contraband of mail in the presence of the inmate could in no way constitute censorship, since the mail would not be read, and neither could it chill such communications, as the inmate's presence insures that prison officials will not read the mail. *Id.* at 577, 94 S.Ct. at 2985. The Court did not address the question whether reading an inmate's mail *outside* his presence would violate his constitutional rights. While other Circuits have found a claim under § 1983 for the opening of legal mail outside the pres-

ence of the inmate, *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir.1981); *Ramos v. Lamm*, 639 F.2d 559, 582 (10th Cir.1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239; *Guajardo v. Estelle*, 580 F.2d 748, 758–59 (5th Cir.1978); *Taylor v. Sterett*, 532 F.2d 462 (5th Cir.1976); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir.), *cert. denied*, 418 U.S. 910, 94 S.Ct. 3202, 41 L.Ed.2d 1156 (1974); *Smith v. Robbins*, 454 F.2d 696 (1st Cir.1972), the Ninth Circuit has failed to decide the question. *See Sherman v. Mac-Dougall*, 656 F.2d 527 (9th Cir.1981); *Campbell v. Sumner*, 587 F.Supp. 376 (D.Nev. 1984); *Nakao v. Rushen*, 542 F.Supp. 856 (N.D.Cal.1982) (Weigel).

▬ In *Royse v. Superior Court*, 779 F.2d 573 (9th Cir.1986), the Ninth Circuit upheld an inspection procedure conducted in the presence of the inmate, but again failed to decide whether opening of legal mail outside the presence of the inmate-recipient presents a constitutional claim. The *Royse* court refused to address the question of prison employees reading legal mail as the issue was not raised at the district court level. The court noted that such conduct would violate the prison regulation and could be challenged under the prison complaint procedure. *Royse* indicates that the proper analysis for inspection, but not censorship, of a prisoner's mail is under the due process clause of the Fourteenth Amendment for denial of access to the courts. *Cf. Wolff*, 418 U.S. at 576, 94 S.Ct. at 2984–85 (distinguishing freedom from censorship—a First Amendment right—from freedom from inspection). Where a prisoner does not allege that the actual sources of legal knowledge—*i.e.*, law libraries or alternative sources of legal knowledge (*e.g.*, assistance from persons trained in the law)—are inadequate, he must allege an "actual injury" to court access to present a cognizable claim for denial of access to the courts. An "actual injury" consists of some specific "instance in which an inmate was actually denied access to the courts." *Sands v. Lewis*, 886 F.2d 1166, 1169–71 (9th Cir.1989).

▬ Plaintiff has not presented facts indicating that he has suffered "actual injury" amounting to a denial of access to the courts by virtue of defendant Quigley's orders. Therefore, he will be given the opportunity to amend his complaint to present a cognizable claim due process claim.

## CONCLUSION AND SCHEDULING

For the foregoing reasons and for good cause shown, IT IS HEREBY ORDERED that:

1. Plaintiff's due process claim of denial of access to the courts is DISMISSED WITH LEAVE TO AMEND, as set forth above, within thirty (30) days of the date of this order. Failure to amend within this time will result in dismissal of the claim.

2. Plaintiff has presented a cognizable claim for the violation of his First Amendment rights against agent Quigley. Plaintiff's request to proceed *in forma pauperis* with respect to this claim shall remain under submission, however, until after the time to amend his due process claim has elapsed. If plaintiff sufficiently amends his claim he will be granted leave to proceed *in forma pauperis* as to all claims, which will be ordered served at that time. If plaintiff fails to amend, only his First Amendment claim will go forward; all other claims will be dismissed.

3. It is the plaintiff's responsibility to prosecute this case. This means that he must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.