John James SHERMAN,
Plaintiff-Appellant,

v.

Ellis MacDOUGALL, et al.,
Defendants-Appellees.

No. 80-5093.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 1981.

Decided Sept. 17, 1981.

John James Sherman, pro se.

Jay R. Adkins, Asst. Atty. Gen., Phoenix, Ariz., on brief, for defendants-appellees.

Before TUTTLE,* DUNIWAY and ANDERSON, Circuit Judges.

DUNIWAY, Circuit Judge:

John Sherman, a prisoner in an Arizona State Prison, brought this action against prison officials under 42 U.S.C. § 1983. He alleged that the prison officials were not allowing him to receive copies of the *American Rifleman* through the mails and, as to three issues, that they had failed to give him notice that the issue had arrived at the prison. In a supplementary complaint he alleged that some of his legal mail was opened before it was delivered to him. The district court entered summary judgment for the defendants. We affirm as to the magazines, but remand for a hearing on the question of the opening of legal mail.

* The Honorable Elbert Parr Tuttle, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

■ Summary judgment was correct as to the magazines. They were withheld because each individual issue contained detailed exploded views of the inner mechanisms of guns. The prison officials judge these illustrations to pose a direct and immediate threat to the security, safety or order of the prison. We are unwilling to contradict the judgment of the prison officials on this issue. *See Jones v. North Carolina Prisoners' Union*, 1977, 433 U.S. 119, 97 S.Ct. 2532, 53 L.Ed.2d 629.

■ Sherman complains that in three instances he was not told that issues of *American Rifleman* were being withheld. However, as a direct result of his complaints, the Arizona State Department of Corrections has drafted new procedures and has directed the Arizona State Prison to adopt them. The procedures include holding mail for no longer than 24 hours (except for weekends and holidays), the entering of contraband in a log of prescribed form, notice of confiscation of contraband within 24 hours, and appeal of confiscation to a committee, the members of which were not involved in the decision to confiscate. We see no reason to try to add to this remedy.

■ Sherman claims that his legal mail has been opened before it was delivered to him. The Supreme Court had held that such mail may be opened in the presence of the addressee and that prison officials could require both that the letters be specially marked with the name and address of the attorney and that the attorney communicate first with prison officials. *Wolff v. McDonnell*, 1974, 418 U.S. 539, 575–77, 94 S.Ct. 2963, 2984–85, 41 L.Ed.2d 935. The law in at least three circuits is that mail from attorneys may not be opened out of the presence of the addressee. *Taylor v. Sterrett*, 5 Cir., 1976, 532 F.2d 462; *Bach v. Illinois*, 7 Cir., 1974, 504 F.2d 1100 (per curiam), *cert. denied*, 418 U.S. 910, 94 S.Ct. 3202, 41 L.Ed.2d 1156; *Smith v. Robbins*, 1 Cir., 1972, 454 F.2d 696. We have not yet decided the issue. We do not believe we should do so on the the present record. In the district court neither the appellees nor the court addressed this issue. We remand to the district court for a hearing on it.

Affirmed in part; remanded in part.