**Benton D. BURT, Plaintiff,**

v.

**Norman CARLSON, Director Federal Bureau of Prisons; Robert Christensen, Warden, United States Prison, Lompoc, California, Defendants.**

**No. CV 86–2186–MRP(G).**

United States District Court,
C.D. California.

Oct. 12, 1990.

Benton D. Burt, pro per.

Lourdes G. Baird, U.S. Atty. by Donna Everett, Asst. U.S. Atty., for defendants.

## ORDER

PFAELZER, District Judge.

The Court has reviewed the file and the Magistrate's Report and Recommendation herein, and concurs with and adopts the Report and the recommended Findings of Fact and Conclusions of Law as the opinion of the Court.

IT IS ORDERED that the motion for summary judgment is granted in favor of moving parties, defendants NORMAN CARLSON and ROBERT CHRISTENSEN, and the motion for summary judgment of plaintiff is denied, dismissing the action with prejudice, as to claims for damages, and that the defendants be enjoined from carrying out the existing practice of opening legal mail outside the presence of an inmate where the envelope contains markings which make it readily identifiable as legal mail, whether or not in the precise form specified by the rules of the institution or of the Bureau of Prisons.

LET JUDGMENT BE ENTERED ACCORDINGLY.

IT IS FURTHER ORDERED that the Clerk serve a copy of this order, together with the Report and Recommendation of the United States Magistrate, and the Judgment herein, by United States mail, on plaintiff and on the United States Attorney for the Central District of California.

RALPH J. GEFFEN, United States Magistrate.

## REPORT AND RECOMMENDATION

This Report and Recommendation is submitted pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) (1982) and General Order No. 194 of the United States District Court for the Central District of California.

This is a civil rights action brought by Benton D. Burt, a Federal prisoner, against Norman Carlson, the director of Federal Bureau of Prisons, Robert Christensen, the warden of the United States Penitentiary, Lompoc, California, and three of the Lompoc Penitentiary employees, John Doe Cole, Peggy Kenman, and Patricia Hedge for alleged violations of his First, Fifth, and Sixth Amendment rights. Pursuant to the Court's order of November 16, 1987, the only remaining defendants are Carlson and Christensen.

Carlson and Christensen have moved for summary judgment. Plaintiff opposed.

## FACTS

The plaintiff was serving a five-year sentence at Lompoc, California for receipt of a firearm, a violation of Title 18 U.S.C. § 922(h)(1). Prior to his incarceration at Lompoc, he had appealed his conviction to the Court of Appeals for the Ninth Circuit and initiated 2 civil law suits in the district court for the Northern District of California. He was assigned two attorneys for his appeal to the Court of Appeals.

The plaintiff alleges that the defendants are responsible for opening, reading, censoring and/or copying, and withholding his mail outside of his presence. The mail was legal mail from the U.S. District Court for the Northern District of California, from the Court of Appeals, and from his attorneys. The plaintiff further alleges that in some cases, mail was either delivered months late or not at all. These acts were committed even when the envelopes contained specific statements instructing the prison officials not to open them outside of the presence of the inmate because they were privileged mail. The defendants do not deny that the alleged acts took place.

The plaintiff claims that because of such acts by the defendants, he suffered irreparable harm and prejudice and injury to his

appeal in the Court of Appeals and also to civil actions pending in the District Court. The plaintiff claims that such acts were in violation of his First, Fifth, and Sixth Amendment rights.

The complaint seeks injunctive and monetary relief. The former is now moot, as the plaintiff is no longer incarcerated.

The defendants move for summary judgment based on the following arguments:

a. Lack of personal jurisdiction over defendant Carlson;

b. Qualified immunity on behalf of both defendants Carlson and Christensen; and

c. Inability to hold both defendants liable under a theory of respondeat superior.

### DISCUSSION

Summary judgment is appropriate if there is no genuine issue as to any material fact and if, on the undisputed facts, the moving party is entitled to judgment as a matter of law. *T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 630 (9th Cir.1987). A "material" fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *Id.* The materiality of a fact is thus determined by the substantive law governing the claim or defense. *Id.* The material facts are not in dispute in this case.

### 1. *Constitutionality of The Legal Mail Policy*

Initially, it must be determined whether any constitutional right of the plaintiff has been violated by the opening and reading of his legal mail outside of his presence. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court upheld a state practice of opening but not reading legal mail in the presence of the inmate. The possibility that contraband will be enclosed in letters, even those from attorneys, warrants prison officials opening the mail. *Wolff*, 418 U.S. at 577, 94 S.Ct. at 2985. The Court further held that it is entirely appropriate to require any communication by the attorneys to be specially marked as originating from an attorney, with his name and address being given, if it is to receive special treatment. *Id.* at 576, 94 S.Ct. at 2985.

■ Since *Wolff*, federal courts have held that properly identified mail addressed to an inmate from his attorney, the courts, or from various government agencies, may not be opened outside the presence of the inmate and, if opened, may be inspected only for contraband, and not read or copied. *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir.1981); *Ramos v. Lamm*, 639 F.2d 559, 582 (10th Cir.1980) *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981); *Guajardo v. Estelle*, 580 F.2d 748, 758–59 (5th Cir.1978).

■ It is true, as the defendants point out, that the outer limits of what state or federal authorities can constitutionally require with regard to identification of legal mail have not been delineated by the Supreme Court. Consequently, state and federal prisons can impose reasonable requirements for identification of legal mail. However, any requirement imposed by prison authorities which impinges upon a prisoner's constitutional rights cannot be greater than necessary to protect the asserted government interest at stake. *See Procunier v. Martinez*, 416 U.S. 396, 413, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974).

The restriction imposed by the prison authorities here with respect to legal mail is that legal mail must be marked "Special Mail—Open Only in The Presence of Inmate." 28 C.F.R. 540.18(a). The Federal Bureau of Prisons policy is to treat all mail as general mail if it does not have this language on the envelope. 28 C.F.R. 540.-18(b), 540.19(b). The plaintiff claims that the practice authorized and sanctioned by the defendants is to open legal mail outside of the presence of the inmate, merely because the envelope does not bear the precise language specified in the regulation, even though readily recognizable as legal mail. The plaintiff contends that such restriction is too broad and not the least restrictive regulation that would serve the government's interest.

The reason for requiring special marking on the envelope is to preserve the prisoner's constitutional rights to privacy, assistance of counsel, and access to the courts by not allowing staff reading of the mail when it is identified as special (including legal) mail, while still preserving the government interest in security by allowing the opening of mail and checking for contraband in the presence of the inmate.

In this case, the plaintiff's legal mail was marked either "Legal Mail; To be opened only in the presence of Benton Burt —Confidential" or "Confidential Attorney/Client Correspondence: To be opened only in the presence of Benton Burt." These markings are patently sufficient to notify the prison officials that the mail is claimed to be legal, and that the special handling of section 540.18 is claimed and appropriate. The alleged prison practice of opening legal mail which is so identified outside the presence of the inmate, although the legal mail identification differs slightly from the prescribed "Special Mail—Open only in the presence of the inmate," is an unnecessarily strict regulation to serve the admitted interest of the prison. Such practice, therefore, violates the plaintiff's constitutionally-protected right of access to the court and to assistance of counsel. Hence the complaint here does seek to vindicate a constitutional right of plaintiff.

### 2. Qualified Immunity

The applicable doctrine of immunity arises from the long standing policy consideration which recognizes that public officers require a certain degree of protection to shield them from undue interference with their duties and from potentially disabling threats of liability. *See Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982). There are two kinds of immunity. One is absolute immunity, and the other is qualified or good-faith immunity. The defendants in this case contend only that they are entitled to qualified immunity as government officials.

Qualified immunity protects officials, only if they acted in good faith as defined by the Court:

"It is the existence of reasonable grounds for the belief formed at the time and in light of all the circumstances, coupled with good-faith belief, that affords a basis for qualified immunity of executive officers for acts performed in the course of official conduct." *Scheuer v. Rhodes*, 416 U.S. 232, 247–248, 94 S.Ct. 1683, 1692, 40 L.Ed.2d 90 (1974).

Under qualified immunity, government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738.

Since the defendants contend in their declarations under penalty of perjury that they believed the policy challenged, of strictly enforcing the regulation, to be constitutional, and that in so doing they acted in good faith, the court must determine whether the law was clearly established to the contrary at the time they implemented such policy. *Id.* If the law at that time was not clearly established that the officials had no right to open special mail adequately identified as such despite deviation from the formula mark specified in Section 540.18(a), an official could not reasonably be expected to anticipate subsequent legal developments, nor could he be fairly said to "know" that the law forbade such conduct. *Id.* at n. 33. There are no reported cases that resolve this issue, and the position of the officials, while too rigid, is not so obviously contrary to the law as set forth in *Wolff* and later cases as to necessarily have been recognized as such. *See*, generally, *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir.1981); *Nakao v. Rushen*, 542 F.Supp. 856, 861 (N.D.Cal.1982); *Campbell v. Sumner*, 587 F.Supp. 376, 379 (D.Nev. 1984). Therefore, it is concluded that since the law was not clearly established at that time, they acted in a good faith belief that strict application of the regulation was lawful and that the defendants are therefore entitled to qualified immunity.

Since such a defense is conclusive as to the motion for summary judgment, it is unnecessary to explore the other defenses (jurisdiction over defendant Carlson, respondeat superior) raised by the motion.

### 3. *Injunction*

As discussed earlier, the special marking on the envelope preserves an inmate's constitutional rights as it also preserves the governmental interest by allowing the opening of mail and checking for contraband in the presence of the inmate. However, since the defendants' present practice of opening legal mail without the presence of the inmate violates an inmate's constitutionally-protected right of access to the court and to assistance of counsel, such practice must be enjoined. Therefore, the defendants should be enjoined from opening mail which is marked so as to be readily identifiable as legal mail, although slightly different from the prescribed marking, outside the presence of the inmate, and from reviewing the contents.

### CONCLUSION

IT IS RECOMMENDED that the foregoing be adopted as findings of facts and conclusions of law, that summary judgment be granted in favor of the moving parties, defendants NORMAN CARLSON and ROBERT CHRISTENSEN, dismissing the action with prejudice, as to claims for damages, and that the defendants be enjoined from carrying out the existing practice of opening legal mail outside the presence of an inmate where the envelope contains markings which make it readily identifiable as legal mail, whether or not in the precise form specified by the rules of the institution or of the Bureau of Prisons.