**Tom L. HINDERLITER, Plaintiff,**

v.

**Al HUNGERFORD and Brenda Lawson, Defendants.**

**No. 89–3460–DES.**

United States District Court, D. Kansas.

Feb. 17, 1993.

Thomas N. Jones, Topeka, KS, for plaintiff.

Martha M. Snyder, Office of Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, formerly an inmate in the custody of the Secretary of the Kansas Department of Corrections, alleges the defendants opened and read privileged correspondence from plaintiff to his attorney, and that as a result plaintiff was improperly transferred to another institution and placed in a higher custody level. He requests declaratory judgment, an injunction, punitive damages, the costs of this action, and other relief. The defendants have filed a motion for summary judgment (Doc. 22), and plaintiff has filed a response (Doc. 25). This matter is now ripe for review, and the court makes the following findings and order.

### Factual Background

The incidents in question took place while plaintiff was housed in minimum security at the Kansas State Industrial Reformatory. On or about November 8, 1989, a letter plaintiff had written to his attorney, James Pinkerston, was returned marked "Return to Sender/No Such Number." The letter involved an incident at the Rice County Jail in which plaintiff slipped in the shower and sustained a back injury. When the letter was returned, it had been opened. A note attached to the letter stated, "M3069/Opened by Mistake/Not Read!"

On the following day, plaintiff states he was advised he was to be transferred from the minimum security facility to a maximum security facility. He conferred with a Sergeant Minkee concerning the reason for the transfer and, after that officer made a telephone call to det.. .t Hungerford, allegedly was advised that "if plaintiff was writing to attorneys about filing lawsuits, plaintiff didn't need to be in the minimum security facility." (Complaint, p. 3).

It is unclear from the record before the court precisely when plaintiff was transferred. However, it appears plaintiff arrived at the Topeka Correctional Facility on January 31, 1990, and was transferred from there to the Kansas State Penitentiary, now known as the Lansing Correctional Facility, on May 3, 1990. (Doc. 23, Ex. 1). Plaintiff was released from custody on June 17, 1990, after serving his maximum sentence.

### Standard for granting summary judgment

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that

there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* Further, in resisting a motion for summary judgment, the nonmoving party may not rest upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa, Okla.,* 896 F.2d 1228, 1230 (10th Cir.1990). The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

### DISCUSSION

■ It is settled that an inmate's legal mail may be opened by prison officials only in the presence of the inmate. To facilitate the identification of legal mail, prison officials may require that such material be specially marked by the sender. *Wolff v. McDonnell,* 418 U.S. 539, 575–77, 94 S.Ct. 2963, 2984–85, 41 L.Ed.2d 935 (1974). The privileged treatment accorded legal mail stems from its importance in protecting inmates' right of access to the courts.

[2] The Kansas Administrative Regulations expressly provide that "mail which is clearly identified as legal, official, or privileged mail shall be opened only in the inmate's presence." K.A.R. 44–12–601(e). Legal mail is defined to include "letters between the inmate and the inmate's lawyer, a judge, a clerk of a court, any lawyer, or any intern or employee of legal services for prisoners." K.A.R. 44–12–601(a)(1).

While the inadvertent, negligent opening of legal mail does not violate the Constitution, the courts have not hesitated to find a violation where the mail has been read or where a policy of opening mail outside inmates' presence has been shown. *See Reneer v. Sewell,* 975 F.2d 258 (6th Cir.1992) (summary judgment not appropriate where fact issue as to whether inmate's legal mail was actually read and whether action was retaliatory); *Proudfoot v. Williams,* 803 F.Supp. 1048 (E.D.Pa.1992) (officer violated inmate's right of access to the courts when he opened inmate's legal mail and appeared to read it.) *See also, Burt v. Carlson,* 752 F.Supp. 346 (C.D.Ca.1990) (prison's practice of opening legal mail outside presence of inmate where envelopes marked and readily identifiable as legal mail violated inmates' rights). In this case, where plaintiff alleges officials undertook retaliatory conduct based on information which he asserts only could have been obtained from reading his legal mail, the court is persuaded a triable issue of fact is presented.

■ Plaintiff also contends he was notified of an impending transfer in November 1989 on the day following the opening of his legal mail by officials. Defendants respond the transfer was motivated by plaintiff's back condition. The documents offered by defendants to support this argument, however, were produced in May 1990, several months after plaintiff's transfer in January 1990. Although prisoners have no constitutional right to remain in a particular prison, it is clear they enjoy a right to be free from a retaliatory transfer for their exercise of a constitutional right. *Frazier v. Dubois,* 922 F.2d 560 (10th Cir.1990).

Viewing the record in the light most favorable to plaintiff, as the court must in considering the motion for summary judgment, the court finds genuine issues of fact exist and require a trial in this matter.

IT IS THEREFORE ORDERED defendants' motion for summary judgment is denied.

The clerk of the court is directed to transmit copies of this Memorandum and Order to counsel for the parties.