James RUSSO, Plaintiff–Appellant,

v.

Frank R. REYES; Pinal County Jail; Mail Room Executives, Defendants–Appellees.

No. 00–15199.

D.C. No. CV–99–00235–CLH.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001 [1].

Decided April 6, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

### MEMORANDUM[2]

James Russo, a Pinal County detainee, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violation of his First Amendment rights due to inspection of his legal mail outside his presence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and affirm.

We are reluctant to conclude, as did the district court, that Russo's allegation that the opening of his legal mail interfered with his right to a fair trial establishes that success on his section section 1983 claim would *necessarily* imply the invalidity of his conviction or sentence. *Cf. Heck v. Humphrey*, 512 U.S. 477, 483–84, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Because it is not clearly established in this circuit whether prison officials may visually inspect legal mail outside the presence of an inmate, *see Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir.1981), we affirm the district court's dismissal on the alternative ground that defendants would be entitled to qualified immunity and Russo sought

only monetary relief, *see Trevino v. Gates*, 99 F.3d 911, 916–17 (9th Cir.1996); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir.2000) (en banc).

Insofar as Russo attempted to state a claim based on prison officials opening a letter from the Department of the Treasury, we affirm the district court's dismissal of the claim. *See Mann v. Adams*, 846 F.2d 589, 590–91 (9th cir.1988) (per curiam).

AFFIRMED.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

