**Rex CHAPPELL, Plaintiff–Appellant,**

v.

**D. MCCARGAR; D. Hoffman; M. Martel; C.K. Pliler, Defendants–Appellees.**

No. 03–16361.

D.C. No. CV–S–02–2299–GEB–KJM–P.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Oct. 4, 2005.

---

Charles R.A. Morse, Jones Day, New York, N.Y., Donald B. Ayer, Jones Day, Washington, DC, for Plaintiff–Appellant.

Constance Picciano, John William Riches, II, AGCA–Office of the California

Attorney General (SAC) Department of Justice, Sacramento, CA, for Defendants–Appellees.

Before B. FLETCHER, GIBSON,* and BERZON, Circuit Judges.

### MEMORANDUM**

Plaintiff–Appellant Rex Chappell (Chappell) appeals the dismissal of his 42 U.S.C. § 1983 and related state law claims against prison officials, McCargar, Hoffman, Martel, and Pliler (collectively, "the defendants"). Chappell's main claims are that the defendants violated his right of access to the courts by confiscating his opening brief for a pending appeal (or ratifying its confiscation) and that the defendants denied him photocopying services and confiscated his legal materials in retaliation for Chappell's exercising his First Amendment right to raise grievances. The district court dismissed the federal causes of action for failure to state a claim and declined to exercise supplemental jurisdiction over the state claims. We reverse and reinstate Chappell's federal claims. In addition, we order the district court to reconsider the question of supplemental jurisdiction over the state law claims in light of the reinstatement of the federal claims.

Accepting all well-pleaded facts in Chappell's complaint as true, which we must do at this procedural stage, *Decker v. Advantage Fund, Ltd.*, 362 F.3d 593, 595 (9th Cir.2004), appellant claims that the defendants denied him access to the courts and engaged in First Amendment retaliation. The alleged retaliation took the form

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of direct infringement of plaintiff's First Amendment right to air his grievance by confiscating his appellate brief and necessary supporting documents.

Pro se complaints are to be construed liberally and may be dismissed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Franklin v. Murphy,* 745 F.2d 1221, 1228, 1230 (9th Cir.1984) (quoting *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)) (per curiam) (internal quotation marks omitted).

## I. Access–to–the–Courts Claim

To state an access to the courts claim, the plaintiff "must identify a nonfrivolous, arguable underlying claim" that the plaintiff has been or will be unable to pursue properly because the defendants' actions have denied the plaintiff meaningful access to the courts. *Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). When this claim "looks backward"—i.e. "to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable"—the complaint must also "identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 414, 415, 122 S.Ct. 2179.

Chappell's underlying claim was an appeal of a district court's dismissal of a complaint alleging conspiracy to open and read his confidential legal mail. The district court in the underlying case adopted in full the findings and recommendations of a magistrate judge. The recommended dismissal was on three grounds, all of which were at least arguable.

First, the magistrate judge noted that the Ninth Circuit "has never held that inmates have a constitutional right to be present when their legal mail is opened."

In fact, our court has expressly left this issue open. *See Sherman v. MacDougall,* 656 F.2d 527, 528 (9th Cir.1981) (stating that this court has "not yet decided the issue" and declining to do so based on the record of the case). Second, the magistrate judge stated that "an isolated incident of opening and reading an inmate's legal mail does not, in and of itself, violate the Constitution." However, neither *Stevenson v. Koskey,* 877 F.2d 1435 (9th Cir. 1989), which the magistrate judge cited for this proposition, nor any other Ninth Circuit case so holds. Finally, the magistrate judge stated that *Burns v. County of King,* 883 F.2d 819 (9th Cir.1989), imposed a heightened pleading standard for allegations of conspiracy. In actuality, *Burns* held that if a plaintiff does not "state specific facts to support the existence of the claimed conspiracy," then the court should grant *summary judgment* for the defendant. *Id.* at 821. *Burns* said nothing about whether there was a heightened *pleading* standard for conspiracy. Chappell's appeal of the district court's ruling is therefore nonfrivolous.

■ The defendants assert that plaintiff's failure to pay the filing fee was the cause of the dismissal of his case rather than any conduct of defendants. However, plaintiff can't be faulted for failing to pay the filing fee. He was deprived of the documents required to pursue his appeal, so there would have been no point in paying the fee. The confiscation of legal materials was therefore a "but for" cause of the dismissal. We conclude that plaintiff has satisfied his pleading burden on his access-to-the-courts claim.

## II. Retaliation Claim

In the prison context, in the usual case, "a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because

of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005). This case is different. The retaliation was itself a direct deprivation of plaintiff's First Amendment right to access to the courts. Because plaintiff alleges direct First Amendment violations, we need not reach the question of whether he alleged a chilling effect associated with the defendants' alleged retaliatory actions in his First Amendment retaliation claim.

Accordingly, we reverse and remand for further proceedings, including reconsideration of the district court's denial of supplemental jurisdiction over Appellant's state claims.

REVERSED and REMANDED.