**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK DEWAYNE PORTER,

Plaintiff - Appellant,

v.

JEAN HILL; et al.,

Defendants - Appellees.

No. 09-35524

D.C. No. 1:07-cv-00605-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

Mark Dewayne Porter, an Oregon state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that his

legal mail was opened outside his presence in violation of his constitutional rights.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, appellant's
request for oral argument is denied.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bahrampour v. Lampert*, 356 F.3d 969, 973 (9th Cir. 2004). We may affirm on any ground supported by the record, *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1030 (9th Cir. 2004), and we affirm.

Defendants were entitled to summary judgment based on qualified immunity because the law concerning the opening of prisoners' legal mail outside their presence was not clearly established at the time the alleged violations occurred. *See Pearson v. Callahan*, 129 S. Ct. 808, 822 (2009) (concluding that state officers were entitled to qualified immunity because their actions did not violate clearly established law); *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981) (reserving issue of whether there is a constitutional violation where a prison official opens a prisoner's legal mail outside the prisoner's presence).

Porter's remaining contentions are unpersuasive.

Porter's "Motion for Stay of Obayence" [sic] is denied.

**AFFIRMED.**