FILED

OCT 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KITRICH A. POWELL,

                Plaintiff - Appellant,

    v.

JAMES GIBBONS; et al.,

                Defendants - Appellees.

No. 10-17498

D.C. No. 3:09-cv-00093-RCJ-RAM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief Judge, Presiding

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

     Nevada state prisoner Kitrich A. Powell appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging numerous constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2), *Huftile v. Miccio-*

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005), and may affirm on any ground supported by the record, *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir. 1995) (per curiam). We review for an abuse of discretion rulings regarding local practice and rules. *Guam Sasaki Corp. v. Diana's, Inc.*, 881 F.2d 713, 716 (9th Cir. 1989). We affirm.

Dismissal was proper on Powell's claim concerning the opening of his legal mail outside of his presence because defendants were entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223 (2009) (concluding that state officers were entitled to qualified immunity because their actions did not violate clearly established law); *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981) (reserving issue of whether there is a constitutional violation where a prison official opens a prisoner's legal mail outside the prisoner's presence). Moreover, Powell's allegations that mailroom personnel did not provide postage for his outgoing mail fail to state a claim because they do not implicate a constitutionally protected interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

We affirm the dismissal of all Powell's remaining claims for the reasons stated by the district court in its order dismissing the case, filed on October 20, 2010. We construe the dismissal of Powell's state law claims to be without

10-17498

prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994).

The district court did not abuse its discretion when it ordered the court clerk not to file Powell's initial complaint because the complaint did not comply with the local rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Powell's remaining contentions are unpersuasive.

**AFFIRMED.**

10-17498