**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH JEROME PACKNETT, | No. 10-17529 |
| Plaintiff - Appellant, | D.C. No. 5:09-cv-00327-JF |
| v. | |
| R. WINGO; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted February 21, 2012**

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

California state prisoner Kenneth Jerome Packnett appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal

and state law claims related to his incoming legal mail.  We have jurisdiction under

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.SC. § 1291. We review de novo, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, reverse in part, and remand.

Dismissal of Packnett's claims for damages against state officials in their official capacity was proper under the Eleventh Amendment. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).

The district court properly dismissed Packnett's conspiracy claim against defendants in their individual capacity because Packnett failed to allege that they entered into an agreement to interfere with his legal mail. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand dismissal).

The district court properly dismissed Packnett's access-to-courts claim against defendants in their individual capacity because Packnett conceded that he did not suffer any injury. *See Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004).

However, dismissal of Packnett's denial-of-mail claims against defendants in their individual capacity was improper because Packnett sufficiently alleged that defendants opened various pieces of his legal mail outside his presence in

violation of state regulations and the First Amendment. *See* Cal. Code Regs., tit. 15 § 3143; *see also Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981) (remanding for a hearing the inmate's claim that defendants opened mail from his attorneys outside his presence in violation of the First Amendment).

Dismissal of Packnett's retaliation claim against defendants in their individual capacity was also improper because Packnett alleged that his First Amendment rights were chilled when defendants searched his cell, seized his property, and otherwise retaliated against him for filing grievances. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of retaliation claim).

Arguments raised for the first time on appeal, including whether Packnett satisfied the claims presentation requirement, are deemed waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We decline to address issues that may benefit from further development of the record, including whether defendants are entitled to qualified immunity and whether certain defendants were not personally involved in any alleged violation.

On remand, the district court should decide whether to exercise supplemental jurisdiction over the state law claims in Packnett's complaint.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**